Argued and submitted August 26, affirmed November 23, 1981,
reconsideration denied January 28,
petition for review denied March 2, 1982 (292 Or 589)

# HARP,
## *Respondent,*

### *v.*

# LOUX,
## *Appellant.*

## (No. 37770, CA 19862)

636 P2d 976

Edward J. Harri, Salem, argued the cause for appellant. With him on the briefs was Rodney W. Miller, Salem.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Brown, Burt, Swanson, Lathen & Alexander, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ Defendant[1] appeals from the denial of his motion to set aside a default judgment in this action arising out of a motor vehicle accident. He contends that (1) the default judgment was improper because there was no showing that plaintiff used "due diligence" to locate him before attempting to serve him by mail; (2) the trial court abused its discretion by not setting aside the judgment on grounds of surprise, when neither defendant nor his insurer was actually serviced or notified of the action by plaintiff; (3) if ORCP 7D(4)(a) and (c) permit a judgment to be taken without the defendant or his insurer receiving notice of the action, the rule denies them due process under the circumstances of this case; and (4) the adoption of the rule was invalid. We affirm.

The accident occurred in May, 1978. Defendant was insured by Forest Industries Insurance Exchange (Forest). He settled his claim for damage to his own car with Forest the month after the accident; Forest has not communicated with him since and has not been informed of defendant's address changes since the accident. Plaintiff was a minor at the time of the accident. Members of his family and his own insurer were aware that defendant was insured by Forest and communicated with Forest concerning the accident between the time of its occurrence and the time plaintiff brought this action in April, 1980.

The default judgment was granted pursuant to plaintiff's motion, which was supported by the following affidavit of his attorney:

"I am the attorney for Plaintiff in the above-entitled action. A Complaint for Personal Injury was filed on April 16, 1980. On the same date a certified, true copy of the Summons and a certified, true copy of the Complaint were delivered to the Yamhill County Sheriff for service upon the Defendant at the address given by the Defendant at

---

[1] The parties appear to agree that the real moving entity in this case is defendant's insurer and that defendant's whereabouts are unknown to plaintiff and to the insurer. Plaintiff contends that the insurer is not the real party in interest, ORCP 26, and lacks standing. Plaintiff does not seem to contest that the insurer has a duty or right to defend under the insurance policy. We therefore reject the standing argument. *See Peterson v. Day,* 283 Or 353, 356, 584 P2d 253 (1978).

the scene of the accident. This address is also the same one on record with the Oregon Motor Vehicle Department. Subsequently the Yamhill County Sheriff's office returned the Summons to me with an undated notation that the Defendant had moved to 1724-1/2 Santa Ynez, Sacramento, California. On April 24, 1980 a certified letter was sent to the Sacramento County Sheriff requesting service upon the Defendant at the Santa Ynez address. On May 15, 1980 the Civil Division of the Sacramento County Sheriff's office sent to us a non est return. By telephone the Sacramento County Sheriff's office informed us that the Defendant had moved to Coalmont, British Columbia, Canada. On or about May 16, 1980 we made various telephone calls to the area of Coalmont, British Columbia, but were unable to find the Defendant.

"On May 20, 1980 certified, true copies of the Summons and certified, true copies of the Complaint were mailed to the Defendant to the following addresses:

"Rt. 1, Box 402
Amity, Oregon

"1724-1/2 Santa Ynez
Sacramento, California

"Coalmont, British Columbia.

"All three envelopes were returned to us by the Post Office marked unclaimed. A copy of the face of each envelope is attached hereto, marked Exhibit 'A', and hereby made a part hereof."

Forest first became aware of the judgment against defendant in August, 1980, when plaintiff's lawyer demanded satisfaction from Forest. Defendant's motion to set the judgment aside was filed by Forest's attorney the next month and, after a hearing, was denied by the trial judge in December, 1980.

Defendant argues that the default judgment was improperly granted because he was served by mail, neither he nor his insurer received service or actual notice of the action, and the affidavit of plaintiff's attorney does not disclose that due diligence was exercised to ascertain defendant's current address. The service by mail was made pursuant to ORCP 7D(4)(a), and the default was taken pursuant to ORCP 7D(4)(c), which provide respectively:

"(a) In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved

while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf, may be served with summons by mail, except a defendant which is a foreign corporation maintaining an attorney in fact within this state. Service by mail shall be made by mailing to: (i) the address given by the defendant at the time of the accident or collision that is the subject of the action, and (ii) the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division, and (iii) any other address of the defendant known to the plaintiff, which might result in actual notice.

"(c) No default shall be entered against any defendant served by mail under this subsection who has not either received or rejected the registered or certified letter containing the copy of the summons and complaint, unless the plaintiff can show by affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident or collision, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division, or residing at any other address actually known by the plaintiff to be defendant's residence address, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the service of summons by mail."

The affidavit of plaintiff's attorney in support of the motion for default clearly satisfied the *literal* terms of ORCP 7D(4)(c). However, defendant argues that Rule 7D(4)(c) requires more than its language overtly communicates and that the "due diligence" requirement of former ORS 15.190(3), as construed by the Supreme Court in *Ter Har v. Backus,* 259 Or 478, 487 P2d 660 (1971), is implicitly embodied in the rule. The issue in *Backus* was whether the plaintiff had met the conditions for making substituted service upon the Motor Vehicles Division (Division) in lieu of personal service upon the defendant under former ORS 15.190(3). That statute provided at the relevant time that substituted service could be made "[w]hen service of the summons or process cannot be made as prescribed in ORS 15.080, and the defendant *after due diligence* cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court * * *." (Emphasis added.) The

court held that, to satisfy the "due diligence" requirement, the affidavit had to show " 'that *all reasonable means* have been exhausted in an effort to so find defendant,' " 259 Or at 481 (emphasis in original), and that

"[a]mong possible sources of information which should be contacted in order to make a showing that 'all reasonable means' have been exhausted, depending upon the circumstances of the particular case, are the following: (1) inquiry at the post office of defendant's last known residence * * *; (2) inquiry of defendant's employer, if any, particularly if he is a co-defendant * * *; (3) inquiry of public utility companies, such as light and water companies in the area of defendant's last known residence * * *; and (4) inquiry of neighbors, relatives and friends, if any, in the area of defendant's last known residence * * *." (Citations omitted; footnotes omitted.) 259 Or at 482.

By Oregon Laws 1969, chapter 389, section 1, the legislature added the following language to ORS 15.190(3):

"* * * Due diligence is satisfied when it appears from the affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Director of the Department of Motor Vehicles, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the filing of the affidavit. * * *"

Although enacted prior to the decision in *Backus,* that amendment was not relevant to the decision, because the events in *Backus* predated it.

In 1973, the legislature adopted Oregon Laws 1973, chapter 60, section 1, which eliminated any showing as a prerequisite to making substituted service, but which required a showing by affidavit to be made before a default could be entered upon a defendant's nonappearance following substituted service. ORS 15.190(7), as adopted by the 1973 Act, provided:

"No default shall be entered against any defendant who has not either received or rejected the registered or certified letter containing the notice of such service and a copy of the summons or process, unless the plaintiff can show that the defendant after due diligence cannot be found within or without the state and that fact appears by affidavit to the satisfaction of the court or judge thereof or

the judge described in subsection (3) of ORS 15.120. *Due diligence is satisfied when it appears from such affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division,* if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the service of summons or process upon the Administrator of the Motor Vehicles Division. Where due diligence is proven to the court by such affidavit, the service upon the Administrator of the Motor Vehicles Division shall be sufficient valid personal service upon said resident, nonresident or foreign corporation, notwithstanding that he or it did not actually receive a notice of such service because of defendant's failure to notify the Administrator of the Motor Vehicles Division of a change of his or its address as required by subsection (2) of this section." (Emphasis added.)

ORS 15.190 was repealed by Oregon Laws 1979, chapter 284, section 199, and was replaced by ORCP 7D, the relevant portions of which were quoted above. The rule differs from the statute in that it permits service on motorists to be made by mail instead of by substituted service on the Division. The rule also deletes the statute's use of the term "due diligence" in describing the attempts to locate the defendant which must be shown to support entry of default. However, the rule establishes a new requirement that the plaintiff's affidavit must show, in addition to his inability to locate the defendant at the address given at the accident or at the most recent address furnished the Division, that the defendant cannot be found "residing at any other address actually known by the plaintiff to be defendant's residence address * * *."[2]

■ Plaintiff argues that the acts necessary to constitute "due diligence" under *Backus* ceased to be required when that term was statutorily defined by the 1969 Act. Plaintiff contends further that the language and requirements of the applicable provisions have remained unchanged in substance from that time through the adoption

---

[2] For a description of this statutory history see *Chisum v. Bingamon,* 46 Or App 1, 610 P2d 297 (1980).

of Rule 7D(4)(c) in 1979.[3] We agree that the "due diligence" requirements of *Backus* do not apply in the motor vehicle cases to which Rule 7D(4)(c) pertains and that *literal* compliance with the requirements of that rule is sufficient to support the entry of a default judgment. The acts which were legislatively designated in the 1969 Act as being adequate to constitute "due diligence" were redesignated as such in the 1973 Act and, with one addition, were again specified in ORCP 7D(4)(c). Both were adopted after the decision in *Backus.* We conclude from that history that the legislature meant exactly what it said in 1969 and did not mean what *Backus* said.

ORCP 7D(4)(c) does not retain the language of the 1969 and 1973 amendments that "due diligence is satisfied" by the specified acts aimed at locating the defendant; the term "due diligence" itself is not retained in the rule. That fact and the fact that the rule *specifies exactly* what actions a plaintiff must demonstrate were taken to locate the defendant persuade us that the rule does not contemplate location efforts other than those it does specify and that it does not implicitly adopt the *Backus* "due diligence" requirements.

Defendant argues that the requirement which ORCP 7D(4)(c) added to those of ORS 15.190, that a plaintiff attempt service by mail at any other address of the defendant "actually known by the plaintiff to be defendant's residence address," is relevant here. As we understand defendant, he reads that language as implying that a plaintiff has the duty to use all reasonable efforts to *ascertain* the defendant's residence address. However, the words "*actually known* by the plaintiff" are contrary to defendant's understanding. (Emphasis added.)

■ The point defendant urges most strongly is that plaintiff was aware that Forest was defendant's carrier, and plaintiff's failure to inform Forest of the action amounted to a deliberate non-exercise of diligence on plaintiff's part to notify defendant *and* Forest of the action. The point does not assist defendant in connection with his argument that the granting of default under ORCP 7D was

---

[3] Rule 7D was amended by Oregon Laws 1981, chapter 898, section 4. The amendment does not apply to this case.

improper. For reasons previously stated, the rule does not require that a plaintiff attempt to locate a defendant by searching for his address in the records of his insurer, and the rule does not require service on or notice to a known insurer.[4]

■    Defendant's argument of greater interest is that the trial court abused its discretion by not setting the judgment aside on the ground that it was taken by surprise, because neither defendant nor the insurer was informed by plaintiff that the action had been brought.[5] This argument warrants the most fleeting—if any— discussion insofar as it pertains to the defendant himself. We decline to hold that this non-appearing defendant, upon whom service was made in the manner prescribed by statute, was surprised by the taking of a judgment against him. As far as anything in this record shows, there is no more to defendant's argument that the judgment against him was taken by surprise than the bald proposition that *any* defendant who has avoided receipt of service or actual notice, wilfully or otherwise, is *necessarily* surprised by a resulting default.

■    Defendant's argument presents a more perplexing, if not a closer, question in connection with an insurer who is known by a plaintiff to be on the risk and whom the plaintiff fails to notify of a pending action against an insured. The difficulty with defendant's argument is that the insurer's *legal* interest in the action is wholly derivative of the defendant's and from the insurer's contractual duty or prerogative to defend. *See* ORCP 26. It may be true that, in fact, the insurer's money and not the defendant's is on the table; however, *the judgment* runs against the defendant and not the insurer. It follows that a trial court

---

[4] In the present case, the insurer was unaware of defendant's current address. Obviously, in some situations an insurer will know a motorist's current address and the Motor Vehicles Division will not. We hold in this case, however, that ORCP 7D(4)(c) does not require a showing that plaintiff has attempted to find a defendant motorist's address in any manner the rule does not specify. It might be wholly logical for the legislature to require, as a condition precedent to default, that an attempt be made to locate the defendant through an insurer known to the plaintiff. However, such a requirement is for the legislature, not for us, to adopt.

[5] ORS 18.160 provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

has no discretion under ORS 18.160 to relieve a surprised insurer from a judgment which does not run against it in an action to which it is not a party. *See* n 5, *supra.*

■ Aside from its legal difficulties, there are policy problems with defendant's argument. Insurers can, and generally do, include provisions in their contracts to require insureds to comply with all requirements of law (*e.g.,* informing the Division of address changes), to notify the insurer of any claims and, in other ways, to take actions aimed at preventing exactly what happened here. As defendant points out, the insurer's remedies for breaches of such policy provisions will often be hollow, especially when, as here, the insurer does not know where the defendant is. Nevertheless, it is not readily apparent why a plaintiff injured by an insured should be required to protect the insurer from the consequences of the insured's failure to comply with the policy or with laws aimed at making him amenable to process, as opposed to the insurer anticipating the need for and taking necessary safeguards. We reject defendant's arguments that the default was taken in contravention of ORCP 7D(4)(c) and that the trial judge abused his discretion by not setting the judgment aside.

Defendant argues next that ORCP 7D violates his and his insurer's due process rights insofar as it permits "plaintiff to take a default judgment without taking every reasonable measure to ensure adequate notice." Defendant relies on *Mullane v. Central Hanover Tr. Co.,* 339 US 306, 70 S Ct 652, 94 L Ed 865 (1950), and on similar propositions in later United States and Oregon Supreme Court cases. The Court stated in *Mullane:*

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * *

"* * * The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected * * * or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the

feasible and customary substitutes." (Citations omitted.) 339 US at 314-15.

Plaintiff responds: '

"Rules 7(D)(4)(a) and (c) demand attempts to locate the defendant at the address given at the accident, and at that supplied to the Motor Vehicles Division, as well as other locales actually known to the Plaintiff. Such attempts should certainly be reasonable methods to give notice, since ORS 483.602 requires a person involved in an injury accident to give the other driver his name and address, and ORS 482.290(3) and Rule 7(D)(4)(b) impose an affirmative duty on a motorist to keep the Motor Vehicles Division informed of his whereabouts. These corresponding duties on the part of potential plaintiffs and defendants clearly establish a statutory scheme reasonably and fairly calculated to provide actual notice." (Footnotes omitted.)

We agree with plaintiff. The service by mail provisions of ORCP 7D are "not substantially less likely to bring home notice than other of the feasible and customary substitutes" for achieving notice to persons who cannot be located at the address or addresses they are required by law to provide.

■    We therefore hold that, under these facts, the rule does not violate defendant's constitutional rights. We also hold that no right of Forest's was violated. Forest is not a party to this action. Defendant calls our attention to no case holding that an insurer that is not a party has a due process right to service or notice of an action in which its insured is a defendant. As noted previously, insurers have the ability to assure, through their policy provisions, that insureds will be amenable to process and will inform insurers of claims. While the legislature may do so, we do not consider that it is constitutionally required to place on plaintiffs the burden of providing insurers with the notice they can demand from their insureds by contract.

■    Defendant's final argument is that the adoption of ORCP 7D(4)(c) violated ORS 1.735,[6] because the default procedures of the rule differ *substantively* from those of former ORS 15.190. Defendant explains:

---

[6] ORS 1.735 provides:

"The Council on Court Procedures shall promulgate rules governing pleading, practice and procedure, including rules governing form and service

"* * * Under [the rule] a defendant in an Oregon court, if the rule is constitutional, must trust his fate to the irregularities of the mail service. ORCP 7(D)(4)(c) creates new obligations and imposes additional duties with respect to past transactions and changes existing rights since it permits service by certified mail only. * * * The changes in the method of service available under ORCP 7(D)(4)(c) as contrasted with earlier methods requiring service on the Department of Motor Vehicles Division (former ORS 15.190) and personal service of the defendant, mark a substantive change. Thus, ORCP 7(D)(4)(c) goes beyond the scope of the rule permitted by ORS 1.735 and thus cannot be sustained."[7]

We do not agree that the change is "substantive" within the meaning of ORS 1.735, or that it could have any possible negative bearing on defendant's rights.

Affirmed.

---

of summons and process and personal and in rem jurisdiction, in all civil proceedings in all courts of the state which shall not abridge, enlarge, or modify the substantive rights of any litigant. The rules authorized by this section do not include rules of evidence and rules of appellate procedure. The rules thus adopted and any amendments which may be adopted from time to time, together with a list of statutory sections superseded thereby, shall be submitted to the Legislative Assembly at the beginning of each regular session and shall go into effect 90 days after the close of that session unless the Legislative Assembly shall provide an earlier effective date. The Legislative Assembly may, by statute, amend, repeal or supplement any of the rules."

[7] We do not agree with defendant's suggestion that former ORS 15.190, as it read at the time of its repeal, required personal notice by the Division or the plaintiff to a non-resident defendant or a defendant who could not be found within the state.