# HOYT,
*Appellant,*

*v.*

# PAULOS,
*Respondent.*

## (86-1204C; CA A44851)

771 P2d 647

Kathryn E. Jackson, Salem, argued the cause for appellant. With her on the briefs was Gatti, Gatti, Maier, Smith & Associates, Salem.

Christopher A. Rycewicz, Portland, argued the cause for respondent. With him on the brief was I. Franklin Hunsaker, Anna J. Brown and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

Newman, J., concurring.

## DEITS, J.

Plaintiff appeals a judgment that dismissed her action for damages for personal injuries because she did not timely mail a copy of the summons and complaint to defendant's insurer by certified, registered or other kind of "receipted mail." We reverse.

Plaintiff filed her complaint on November 18, 1986, the final day of the two-year period of limitation. ORS 12.110. She alleged that, on November 18, 1984, she suffered personal injuries when her vehicle was involved in an accident on a public street with a vehicle that defendant owned and negligently operated. Pursuant to ORCP 7D(4)(a)(i),[1] plaintiff served defendant by personally serving the Motor Vehicles Division on December 22, 1986, and by mailing a copy of the summons and complaint by certified mail to defendant on December 30, 1986. However, she mailed a copy of the summons and complaint to defendant's insurer on that date *by regular mail.* It is agreed that the insurer did not receive either the mailed copies or actual notice of the action within 60 days after November 18, 1986. *See* ORS 12.020.[2]

Defendant moved to dismiss the action as not timely commenced, ORCP 21A(5) and (9), because plaintiff did not mail a copy of summons and complaint to defendant's insurer *by certified or registered mail.* The court granted the motion. Plaintiff assigns the ruling as error, arguing that, under ORCP 7D(4)(a)(i), regular mail is sufficient when summons and complaint are mailed to a defendant's insurer.

However, we conclude that, even if plaintiff was required by ORCP 7D(4)(a)(i) to give notice to defendant's

---

[1] ORCP 7D(4)(a)(i) provides:

"In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf, except a defendant which is a foreign corporation maintaining a registered agent within this state, may be served with summons by personal service upon the Motor Vehicles Division and mailing a copy of the summons and complaint to the defendant and the defendant's insurance carrier if known."

[2] ORS 12.020(2) provides that, if summons is served within 60 days after filing the complaint, the action is "deemed to have been commenced upon the date on which the complaint in the action was filed."

insurer by certified mail,[3] her failure to do so does not mean that she has failed to commence the lawsuit within the applicable time requirements. ORS 12.020 governs when an action is deemed to have been commenced. It provides that,

> "for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant, or on a codefendant who is a joint contractor, or otherwise united in interest with the defendant."

Here, plaintiff mailed a copy of the summons and complaint to defendant within the limit of the applicable statute and, thus, she *commenced* the lawsuit within the time limit.

Even if ORCP 7D(4)(a)(i) is read to impose a requirement that defendant's insurer had to be given notice by certified mail, the requirement may not affect when an action is deemed commenced. The Council on Court Procedures, in promulgating the Rules of Civil Procedure, "shall not abridge, enlarge, or modify the substantive rights of any litigant." ORS 1.735. If ORCP 7D(4)(a)(i) is construed to require that a defendant's insurer be served by certified mail before an action is deemed to have been commenced, it would abridge plaintiff's substantive rights to maintain the action. Plaintiff's action was timely commenced in accordance with ORS 12.020.

Reversed and remanded.

**NEWMAN, J.,** concurring.

I join in the result that the majority reaches. ORCP 7D(4)(a)(i) does *not* state that a plaintiff must mail a copy of summons and complaint to the defendant's insurance carrier by certified, registered or other receipted mail. It would be unjust to construe the rules to require that form of mailing and consequently to dismiss plaintiff's action with prejudice. If the legislature intended that the rules require that form of mailing, it should have said so. If the rules are ambiguous, they should be construed in favor of plaintiff. She should not have to guess at her peril.

---

[3] We express no opinion on whether ORCP 7D(4)(a)(i) requires that a defendant's insurer be served by certified or registered mail.

ORCP 7D(2)(d) provides that service by mail is accomplished by "mailing a true copy of the summons and a true copy of the complaint *to the defendant* by certified or registered mail." (Emphasis supplied.) Mailing a copy of the summons and complaint to defendant's insurance carrier under ORCP 7D(4)(a)(i) is not "service by mail" within the meaning of ORCP 7D(2)(d). ORCP 7D(4)(a)(i) provides that service may be made upon a defendant in a motor vehicle accident case by "personal service upon the Motor Vehicles Division and mailing a copy of the summons and complaint to the defendant and the defendant's insurance carrier if known." Assuming that mailing *to a defendant* under ORCP 7D(4)(a)(i) is "service by mail" to which ORCP 7D(2)(d) applies, that rule does *not* apply to the mailing to *a defendant's insurer.*

If the rules are ambiguous, the ambiguity should be resolved in plaintiff's favor. ORCP 7D(2)(d) was enacted in 1979 in substantially its present form. The later critical changes have been made in ORCP 7D(4)(a)(i). Initially, that rule described "service by mail" as *only* a mailing of summons to a defendant. It correlated precisely with ORCP 7D(2)(d). In 1981, it was amended to delete the term "service by mail" and to provide for personal service on the Motor Vehicles Division, as well as a mailing, but, again, to the defendant. In 1982, the last clause of ORCP 7D(4)(a)(i) was added to provide for an additional mailing—to the defendant's insurance carrier. Legislative history, therefore, indicates that, to the extent that ORCP 7D(4)(a)(i) provides for "service by mail" within the meaning of ORCP 7D(2)(d), it only refers to mailing to the defendant and not to her insurance carrier.[1] The mailing to

---

[1] ORCP 7D(4)(c), entitled "Default," was amended in 1982 to require a mailing by certified or registered mail to both defendant and defendant's insurance carrier before a default could be entered against defendant. The legislative commentary states:

"In 1982, the Council changed subparagraph 7D(4)(a)(i) and (ii) by adding a requirement that a copy of the summons and complaint be sent to defendant's insurance carrier, if known. The last clause of paragraph 7d(4)(c) was also added to require the affidavit for default to reflect this mailing." Merrill, *Oregon Rules of Civil Procedure: 1986 Handbook* 31 (1986).

I find it hard to believe that the first sentence of this quotation eliminates any ambiguity in ORCP 7D(4)(a)(1) and requires that it should be construed against a plaintiff. Moreover, ORCP 7D(4)(c) only covers whether a plaintiff may take a default against a defendant.

the defendant's insurance carrier is simply a notification by mail.[2]

Finally, ORCP 1B requires that we construe the rules to assure "the just, speedy, and inexpensive determination of every action." Surely it is *not* just to construe the rules against plaintiff to bar her access to the courts if the rules are ambiguous and she must guess how she should mail to defendant's insurance carrier. Before a plaintiff can suffer dismissal with prejudice, the rules should be clear.

---

[2] The carrier is not a party to the litigation.