Argued and submitted November 1, 1989, the judgment of the circuit court reversed and decision of the Court of Appeals affirmed August 2, 1990

Lisa HOYT,
*Respondent on Review,*

*v.*

Michael PAULOS,
*Petitioner on Review.*

(TC 86-1204C; CA A44851; SC S36175)

796 P2d 355

I. Franklin Hunsaker, Portland, argued the cause for petitioner on review. With him on the petition were Anna J. Brown, Christopher A. Rycewicz, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Anthony A. Allen, Salem, argued the cause for the respondent on review. With him on the response to the petition were Kathryn E. Jackson, and Gatti, Gatti, Maier, Smith & Associates, Salem.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.**

FADELEY, J.

** Linde, J., retired January 31, 1990; Jones, J., resigned April 30, 1990.

## FADELEY, J.

The issue in this case involves timeliness, for statute of limitation purposes, of service of summons and complaint on a defendant through service on the Motor Vehicles Division. Do the ORCP provisions concerning mailing of a copy of summons to a defendant's insurer amend or override ORS 12.020, the statutory definition of when an action is deemed commenced for statute of limitations purposes? Does ORCP 7 D(2)(d),[1] which requires that service of summons be by certified or registered mail, apply to mailing of a copy of a summons and complaint to a defendant's insurer under ORCP 7 D(4)(a)?[2] The trial court dismissed the action on the ground that it was not commenced within the statute of limitations because mailing to defendant's insurer was by regular mail rather than certified mail, return receipt requested.

The Court of Appeals, reversing the trial court, held that the rules of civil procedure may not change the statutory provisions of ORS 12.020 concerning when an action is deemed commenced. *Hoyt v. Paulos,* 96 Or App 91, 94, 771 P2d 647 (1989). A concurring opinion in the Court of Appeals concluded that "to the extent that ORCP 7 D(4)(a)(i) provides for 'service by mail' within the meaning of ORCP 7 D(2)(d), it refers to mailing to the defendant and not to her insurance carrier." 96 Or App at 95. We hold that the requirement for mailing to the insurer is not jurisdictional and affirm.

The Court of Appeals stated the facts as follows:

"Pursuant to ORCP 7 D(4)(a)(i), plaintiff served defendant by personally serving the Motor Vehicles Division on

---

[1] ORCP 7 D(2)(d) in part provides:

"**Service by mail.** Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested."

[2] ORCP 7 D(4)(a)(i), at the time this action was filed, reflecting 1983 amendments, in part provided:

"In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf, * * * may be served with summons by personal service upon the Motor Vehicles Division and mailing a copy of the summons and complaint to the defendant and the defendant's insurance carrier if known."

December 22, 1986, and by mailing a copy of the summons and complaint by certified mail to defendant on December 30, 1986. However, she mailed a copy of the summons and complaint to defendant's insurer on that date *by regular mail.* It is agreed that the insurer did not receive either the mailed copies or actual notice of the action within 60 days after November 18, 1986. *See* ORS 12.020." (Emphasis in original.)

After the period of limitations had run and the statutory 60 days expired, plaintiff's attorneys sent defendant's insurer a letter inquiring why no appearance had been filed. Upon learning that the insurer had not received the first mailing, plaintiff's attorneys mailed the insurer another copy of summons and complaint. Defendant moved to dismiss the action as not timely.

## LEGISLATIVE HISTORY

ORS 12.020 in part provides:

"(1)   * * * [F]or the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant * * *.

"(2)   If the * * * service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

That statute was enacted in 1862 and was last amended in 1973. Or Laws 1973, ch 731, § 1. The 1973 amendment codified the 60-day extension of the statute of limitations for complaints filed during the limitations period, provided summons is served within 60 days after filing. The Council on Court Procedures was established in 1977. Or Laws 1977, ch 890, §§ 1, 2, after ORS 12.020 was adopted in its present form.

To provide background for discussion of defendant's contentions that certain rules of procedure, upon their later adoption, modified the effect of ORS 12.020 for statute of limitation purposes, we turn to an examination of the history of the rules of procedure in general and ORCP 7 D(2)(d) and 7 D(4)(a)(i) in particular.

ORS 1.735, part of the act establishing the Council, describes its duties as follows: "The Council * * * shall promulgate rules governing pleading, practice and procedure, including rules governing form and service of summons and process." ORS 1.735 limits the power delegated to the Council by providing that its rules "shall not abridge, enlarge, or modify the substantive rights of any litigant." The Council's rules do not and cannot change statutes concerning limitations on actions. Nor did the Council intend or the empowering statutes contemplate that rules of the Council would do so. A Council staff comment on proposed ORCP 7 D(4)(a) makes the point that "the date of service for limitations purposes is not and could not be covered by rules." Merrill, Oregon Rules of Civil Procedure: 1990 Handbook 31 (1990).

Where a rule is intended by the Council to supersede a statutory section, that section is to be listed with others superseded by a rule and must be submitted to the legislature "at the beginning of each regular session." ORS 1.735. The Council's promulgated rules take effect on January 1 following the close of the next regular legislative session unless the legislature provides a different effective date. *Id.* The Council has not attempted to supersede ORS 12.020. Therefore, ORS 12.020 remains in full force as a statute unless it has been in some way modified by adoption of rules of procedure or subsequent amendments to those rules.

ORCP 7 D(2)(d), specifying what must be done to achieve service by the method of service by mail, was previously adopted by the Council but was also enacted by the legislature as part of House Bill 2891 in the 1983 session. Or Laws 1983, ch 751, § 3. House Bill 2891 also amended ORCP 7 D(4)(a)(i), concerning service on the defendant by service on a statutorily designated agent, the Motor Vehicles Division. *Id.*

An amendment of ORCP 7 D(4)(a)(i) added, after the existing requirements for personal service on defendant by service on defendant's agent, a further requirement that a copy of the summons and complaint be mailed to "the defendant's insurance carrier if known." This additional requirement was proposed by the Council in 1982 to "avoid the result of *Harp v. Loux,* [54 Or App 840, 636 P2d 976 (1981)]." Merrill, *supra,* at 32.

In *Harp,* the Court of Appeals affirmed a default judgment against a defendant involved in a car accident and served by service by mail as provided by the version of ORCP 7 D(4)(a) obtained in 1980. 54 Or App at 843. Although plaintiff knew defendant's insurance company, the company did not know that the action had been filed until after the default judgment was entered. 54 Or App at 842-43. In 1981, the legislature replaced service by mail with personal service on the Motor Vehicles Division as agent of defendant in certain vehicle accident cases. Or Laws 1981, ch 898 § 4.[3] The Council's 1982 proposal, which added the requirement of mailing a notice but without any specification of the type of mail to be employed, aimed to correct the problem presented by *Harp, i.e.,* entry of a default judgment without notice to the insurer to defend. Merrill, *supra,* at 32. To that end, in addition to notice by mail that an action has been filed, House Bill 2891 amended ORCP 7 D(4)(c) to prohibit entry of a default judgment unless the plaintiff shows by affidavit "that a copy of the summons and complaint was mailed by registered or certified mail * * * to the defendant's insurance carrier or that the * * * carrier is unknown." Or Laws 1983, ch 751, § 3.

In 1988, the Council proposed adding the words "by registered or certified mail, return receipt requested," to the requirement in ORCP 7 D(4)(a) that notice of filing an action, in the form of a copy of a summons and complaint, be mailed to the defendant's insurer, if known. Merrill, *supra,* at 34. Because an earlier effective date was not provided by the legislature, these additional words specifying the type of mail to be used to notify a defendant's insurance carrier did not take effect until January 1, 1990, more than three years after the critical 60-day period for serving summons on the defendant in this case.

---

[3] Between 1979 and 1981, ORCP 7 D(4)(a) permitted service by mail on an individual defendant in actions arising out of use of motor vehicle on highways and roads. ORCP 7 D(4)(c) was and is drafted to dovetail with that service-by-mail version of (4)(a). However, in 1981, the legislature deleted the special (4)(a) service by mail method for vehicle accident cases and replaced it with "personal service on the Motor Vehicles Division and mailing a copy of the summons and complaint to the defendant." Or Laws 1981, ch 898 § 4. In 1983, prompted by the Council on Court Procedures, the legislature required MVD to keep a record of dates of service upon it for any given defendant. The bulk of the default subsection, ORCP 7 D(4)(c), was never updated. Its wording continues to use the repealed special service-by-mail method for vehicle accident cases as its referent. None of these changes affected the general service by mail rule, ORCP 7 D(2)(d).

## DISCUSSION

■ When the complaint was filed and summons to defendant issued in November 1986, ORCP 7 D(4)(a)(i) did not mention what type of mail must be used to send copies of the summons and complaint to a defendant's insurer. Service on defendant was completed well within the 60 days provided. A copy of the summons and complaint was mailed to the defendant's insurer on December 30, 1986 — by regular mail — well within the 60 days. It is agreed the notice was sent by mail, and it is agreed the insurer did not receive it.

■ Defendant contends that ORS 12.020 requires that service occur within 60 days after the complaint is filed. We agree. Defendant further contends that mailing notice to the insurer is a part of that service and the court acquired no jurisdiction within the limitations period because the mailing was not certified, return receipt requested. To support that contention, defendant argues that the ORCP 7 D(4)(a) mailing to the insurer must be by registered or certified mail, return receipt requested, *i.e.*, that 7 D(2)(d) applies to mailing to the insurer required under ORCP 7 D(4)(a).

When ORS 12.020 was enacted and last amended, service of summons was the only thing that the legislature could have intended by its use of the statutory words "when * * * the summons [is] served on the defendant." The Council was not yet established, and no rules such as ORCP 7 D(2)(d) or 7 D(4)(a) had been proposed or put in effect.

The Motor Vehicles Division is appointed by law as the agent of an individual defendant for personal service of summons in an action arising out of defendant's use of a motor vehicle on the public ways of the state. When defendant, a party to the action, was served by personal service on his statutorily appointed agent — a method of service on individual defendants authorized by both ORCP 7 D(1) and 7 D(3)(a)(i) — and a copy of the summons and complaint was mailed to defendant, the court, in the words of ORS 12.020, "acquired jurisdiction" within the crucial 60-day period.

■ ORCP 7 A indicates that the word "defendant" is used in ORCP 7 to designate "any *party* upon whom service of summons is sought" by a plaintiff. (Emphasis added.) The requirement of mailing to the insurer expressly refers to "the

defendant's insurance carrier." Service of summons is only required on a "party" defendant. ORCP 4, 7 D(1), 7 D(3)(a)(i). By definition, the rules do not consider the insurance carrier to be a party or defendant, nor could the rules coherently so classify the defendant's insurer. In the circumstances of ORCP 7 D(4)(a), mailing to the insurer is required,[4] but that is not jurisdictional. It is not service of summons on a party. Defendant's argument fails.

Lastly, defendant argues that the requirement of mailing of notice to the insurer must be interpreted to require receipt of the notice, apparently to satisfy the text of the rule and to satisfy due process. Whatever federal due process might require concerning reasonable efforts to give notice to a party in a case involving state action,[5] it does not confer such rights upon the party's tort liability insurer. Moreover, ORCP 7 D(4)(a)(i), at the time in question, required only "mailing," not that the mailing be received. ORCP 7 D(4)(c) demonstrates use of express language to show the necessity of a receipt or rejection when that is intended. As was stated in *Bankston v. Toyota Motor Corp.,* 889 F2d 172, 174 (8th Cir 1989), "send" (here, "mail") does not mean "serve."

In summary, ORS 12.020 requires that defendant be served within 60 days of filing the complaint, and plaintiff did that. ORCP 7 D(4)(a) requires mailing a copy of summons and complaint to defendant's insurance carrier, and plaintiff did that. Mailing to the insurer by regular mail rather than by certified, return receipt requested, did not deprive the court of jurisdiction. The limitations statute was satisfied when plaintiff timely served defendant so that the court acquired jurisdiction under ORS 12.020. The trial court's dismissal on the ground that the case was not commenced within the limitation period is error.

---

[4] If the legislature had intended that certified return receipt mail be used for 7 D(4)(a) purposes, they knew how to require that, as the contemporaneously enacted amendment to (4)(c) shows.

[5] A federal due process claim requires state action depriving a party of property or liberty. See *Tulsa Collection Servs. v. Pope,* 485 US 478, 108 S Ct 1340, 99 L Ed 2d 565 (1988) for a discussion on the nature of state action needed to invoke due process. The state's efforts, through the Council on Court Procedures or the legislature, to provide new assurances that the insurance company will know about the action in time to defend it certainly deprives no one of due process through state action.

The judgment of the circuit court is reversed. The decision of the Court of Appeals is affirmed.