Argued and submitted October 8, 1993, affirmed January 5, petition for review
denied May 19, 1994 (319 Or 80)

# Carolyn L. ATTERBURY,
*Appellant,*

*v.*

# Rulon WELLS,
*Respondent.*

## (92CV1575CC; CA A78184)

866 P2d 484

Mike Stebbins argued the cause for appellant. With him on the briefs was Stebbins & Coffey.

George A. Burgott argued the cause for respondent. With him on the brief was Atherly, Butler & Burgott.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiff appeals a judgment for defendant, based on the trial court's holding that defendant was not adequately served with summons and complaint. We affirm.

On July 5, 1990, plaintiff was injured in an automobile accident. On June 30, 1992, plaintiff filed a complaint alleging that her injuries were the result of defendant's negligence. The facts relating to service of summons are undisputed. On June 30, 1992, plaintiff's attorney sent a copy of the complaint to defendant's insurance carrier by regular mail. On that same date, plaintiff's attorney requested the Curry County Sheriff to serve summons and complaint on defendant at his residence in Brookings. Defendant was attending a family reunion in Washington. A deputy sheriff tried unsuccessfully on two occasions to serve defendant at his residence.

Pamela Mitchell, defendant's adult daughter, lives in Crescent City, California. On July 9, 1992, she happened to be visiting a friend in Brookings and stopped at defendant's house to check on his mail. There she learned that a sheriff's deputy had been to defendant's house looking for him. She went to the Curry County Sheriff's branch office in Brookings to inquire. After learning that Mitchell was defendant's daughter, but without making any further inquiry, a deputy sheriff handed her a copy of the summons and complaint. She told the deputy that defendant was out of state, but that she would see that he received the papers. On August 31, 1992, plaintiff's attorney sent by regular mail a true copy of the summons and complaint to defendant at his Brookings address.

Defendant moved for summary judgment on the ground that he had not been adequately served with summons and complaint. The court ruled:

"Well, my feeling about it is this: That unless there is some evidence to show that the daughter was authorized to accept service on behalf of the father, that is, by the father or authorized to make a service on the father by the plaintiff, or additional information was obtained from her by the sheriff, such as what was her relationship to her father, how close were they, how often did she see him, since she was returning to California that night when would she be returning to

Oregon and when would she actually physically see her father or when would she be talking to him by telephone, was she aware of what the papers were that were served on her and the importance of those being given to her father promptly, when did she intend to actually physically deliver the papers if at all to her father? None of this information was obtained by the sheriff. Apparently he just handed the daughter the papers and that was the end of it. I don't think that that is service reasonably calculated to give a person that is being sued notice of the lawsuit and therefore I will grant the defendant's motion."

■ ■ The first issue in determining whether service is adequate under ORCP 7 is whether the method of service was one of the methods described in ORCP 7D(2). If so, service is presumed to be reasonable and no further inquiry need be made unless there is something in the record to overcome the presumption of reasonableness. If service was not made by one of the methods described in ORCP 7D(2), then the inquiry is whether the manner of service employed by the plaintiff satisfies the "reasonable notice" standard of adequate service set forth in ORCP 7D(1). *Baker v. Foy,* 310 Or 221, 228, 797 P2d 349 (1990). On appeal, plaintiff does not claim that service was made pursuant to any of the methods described in ORCP 7D(2). She contends only that the methods chosen together constitute service reasonably calculated to give defendant notice of the action, pursuant to ORCP 7D(1).

■ We conclude that each of the methods chosen fails separately to meet the standard set forth in ORCP 7D(1). In mailing a copy of the complaint to defendant's insurance company, plaintiff did not purport to accomplish service. The document was not accompanied by a summons and did not contain notice of service on defendant. *See Campos v. Chisholm,* 110 Or App 158, 161, 821 P2d 1121 (1991). It could not constitute service.

■ The delivery of the complaint and summons to Mitchell at the courthouse was also insufficient. As plaintiff correctly notes, what the process server knew at the time of delivery is relevant for the purpose of evaluating whether service was reasonably calculated to give notice of the lawsuit. *See Duber v. Zeitler,* 118 Or App 597, 601, 848 P2d 642, *rev den* 316 Or 527 (1993). We agree with the trial court that

here, in contrast with *Duber*, aside from Mitchell's expressed intention to deliver the documents to defendant, the deputy sheriff knew so little about Mitchell's contacts with defendant that it was not reasonable for plaintiff to expect that the handing of papers to Mitchell would result in defendant receiving notice of the action. The deputy did not even inquire as to defendant's whereabouts, the frequency or regularity of Mitchell's contact with him, or when Mitchell might deliver the papers to him. We conclude that the delivery of the papers to Mitchell was not reasonably calculated to apprise defendant of the lawsuit.

■ Finally, we conclude that plaintiff's subsequent mailing of the summons and complaint to defendant's last known address is insufficient to constitute service reasonably calculated to give notice. The Supreme Court has said that service on an individual by mail, although not presumed adequate under ORCP 7D(2), may be considered as a factor under the "reasonable notice" standard of ORCP 7D(1), if the requirements for service by mail contained in ORCP 7D(2)(d) are satisfied, including certified, return receipt. *Edwards v. Edwards*, 310 OR 672, 679, 801 P2d 782 (1990). Delivery by regular mail is not sufficient.

■ Plaintiff contends that, although each of the three wrongly chosen methods of service was inadequate in and of itself, together they accomplished service reasonably calculated to give defendant notice of the action. We reject the contention.

Affirmed.