Argued and submitted September 18, 1995, affirmed January 24, 1996

Michael R. PASCHALL,
*Appellant,*

*v.*

Lynn Richard CRISP,
*Defendant,*

*and*

Kim Adam CRISP,
*Respondent.*

(9211-07543; CA A85037)

910 P2d 407

Kathryn H. Clarke argued the cause for appellant. With her on the briefs was Nick Chaivoe.

Thomas W. Brown argued the cause for respondent. With him on the brief was Kathleen J. Tesner.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

Leeson, J., concurring.

## LANDAU, J.

Plaintiff appeals a summary judgment entered in favor of defendant on the ground that plaintiff failed to complete service within the statute of limitations. We affirm.

The facts are undisputed. On November 3, 1990, defendant[1] was driving a car registered in his brother's name when he rear-ended plaintiff. Defendant's brother was a passenger. When an investigating police officer arrived at the scene of the accident, defendant reported his current address as 8150 S.W. Barnes Road, Portland. The officer recorded that address in the police report.

On November 2, 1992, plaintiff filed a complaint against both defendant and his brother, seeking damages for personal injuries. On November 11, 1992, plaintiff personally served defendant's brother with a summons and complaint at his residence. Plaintiff attempted to serve defendant at the same address, but defendant's brother told the process server that defendant did not live there and refused to say where he did live. That same day, plaintiff attempted personal service on defendant at 5300 Parkview, Lake Oswego, an address that plaintiff had determined was listed as defendant's in the driver records at the Oregon Motor Vehicle Department (MVD) since 1990. That attempt was unsuccessful, because, as plaintiff learned at that time, defendant no longer lived at that address. On December 4, 1992, plaintiff left a copy of the summons and complaint with the MVD. On December 10, 1992, plaintiff mailed a copy of the summons and complaint to the 5300 Parkview address, where service already had proven unsuccessful. That mailing was returned, stamped: "MOVED[,] LEFT NO ADDRESS[,] UNABLE TO FORWARD."

Plaintiff then received a letter from defendant's lawyer. In that letter, counsel explained that he would be representing both defendant and defendant's brother. He also explained that, although defendant's brother had been served, he was unable to determine whether defendant had been served as well.

---

[1] We use the term "defendant" to refer to Kim Adam Crisp, respondent in this appeal. Although his brother also was a defendant in the proceedings below, defendant's brother is not a party on appeal.

On January 18, 1993, plaintiff mailed a copy of the summons and complaint to 8150 S.W. Barnes Road, the address listed in the police report. That mailing was returned with a notation that defendant had moved.

Defendant moved for summary judgment on the ground that plaintiff had failed to complete service in a timely fashion. Defendant argued that, because plaintiff had filed his complaint only one day before the running of the statute of limitations, ORS 12.110, plaintiff had 60 days to complete service under ORS 12.020(2). Defendant reasoned that he was entitled to judgment as a matter of law, because plaintiff failed either to personally serve or to effect substituted service within that time. Plaintiff argued that he had timely completed "MVD service" under ORCP 7 D(4)(a)(i) and that, in any event, his attempts at service were reasonably calculated to apprise defendant of the pendency of the action, in accordance with ORCP 7 D(1). Defendant responded that service under ORCP 7 D(4)(a)(i) had not timely been completed, because one of the follow-up mailings required under that rule — to the address reported to the police at the time of the accident — did not occur until well after the 60-day service period had run. Defendant also contested the reasonableness of the notice afforded by plaintiff's efforts. Plaintiff's only response was that, because deposition testimony revealed that defendant did not live at the address he reported to the police, it "would have been an exercise in futility" to mail him a copy of the summons and complaint at that location. The trial court granted defendant's motion.

On appeal, plaintiff argues that the trial court erred in granting defendant's summary judgment motion. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Murphy v. Price*, 131 Or App 693, 695, 886 P2d 1047 (1994), *rev den* 321 Or 137 (1995).[2] In this case, no one has asserted, either at trial or on appeal, that there exist genuine issues of material fact or that the record is in any way insufficient. The only issue is whether, on the record before us, plaintiff's attempted service was adequate and timely.

_____

[2] The 1995 amendments to ORCP 47 have no bearing on our determination.

That is a question of law. *Luyet v. Ehrnfelt*, 118 Or App 635, 638, 848 P2d 654 (1993).

ORS 12.020(2) provides:

> "If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

In *Baker v. Foy*, 310 Or 221, 224, 797 P2d 349 (1990), the Supreme Court held that, for the purposes of ORS 12.020(2), jurisdiction is acquired when the requirements of ORCP 7 are satisfied. The court described a two-part test for determining whether those requirements have been satisfied. First, if service was accomplished in accordance with one of the specific methods allowed in ORCP 7, then it is presumptively adequate, and, if nothing in the record overcomes that presumption, the inquiry ends. Second, if service was not accomplished in accordance with one of the specific methods enumerated in ORCP 7, we must determine whether the manner employed nevertheless satisfies the more general requirements of ORCP 7 D(1), which provides, in part:

> "Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

In this case, the complaint was filed on November 2, 1992. Accordingly, the question is whether plaintiff served defendant on or before January 1, 1993, 60 days after the filing of the complaint, in a manner that satisfied the requirements of either one of the two tests set out in *Baker*.

Plaintiff argues that his service of defendant satisfied both prongs of the *Baker* test. First, he argues that, by serving MVD and by sending a follow-up mailing to defendant at the 5300 Parkview address — the address on file at the time at MVD — he satisfied the specific requirements of ORCP 7 D(4)(a)(i). Defendant argues that plaintiff failed to satisfy the requirements of that rule, which requires follow-up mailings to several addresses, including the one "given by the defendant at the time of the accident." ORCP 7 D(4)(a)(i). He

contends that the address defendant gave to the police at the time of the accident was 8150 S.W. Barnes Road, and plaintiff did not mail a copy of the summons and complaint to that address until more than 60 days after the filing of the complaint. Plaintiff argues that the rule was, in fact, satisfied, because the 5300 Parkview address was "given" to MVD at the time of the accident.

■■ In construing the rules of civil procedure, we apply ordinary principles of statutory construction. *Weaver and Weaver*, 119 Or App 478, 482, 851 P2d 629 (1993). Accordingly, in evaluating plaintiff's argument that the reference to "address given at the time of the accident" in ORCP 7 D(4)(a)(i) means the address on file at *MVD* at the time of the accident, we examine the text of the rule, read in its context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

ORCP 7 D(4)(a)(i) provides, in relevant part:

"In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf who cannot be served with summons by any method specified in subsection 7 D(3) of this rule,[3] may be served with summons by leaving one copy of the summons and complaint with a fee of $12.50 in the hands of the Administrator of the Motor Vehicles Division * * *. *The plaintiff shall cause to be mailed by registered or certified mail, return receipt requested, a true copy of the summons and complaint to the defendant at the address given by the defendant at the time of the accident or collision that is the subject of the action, and at the most recent address as shown by the·Motor Vehicles Division's driver records, and at any other address of the defendant known to the plaintiff, which might result in actual notice to the defendant.* For purposes of computing any period of time prescribed or allowed by these rules, service under this paragraph shall be complete upon the date of the first mailing to the defendant."

---

[3] The parties do not argue, and we do not address, whether there is evidence in the record that defendant could not be served "by any method specified in subsection 7 D(3)."

(Emphasis supplied.) From the text of the rule itself, it is clear that plaintiff's proposed construction is implausible. The rule requires follow-up mailing to both the "address given by the defendant at the time of the accident" *and* the "most recent address as shown by the Motor Vehicles Division's driver records." To read the rule as plaintiff suggests — that is, that the "address given by the defendant at the time of the accident" is the address on file at MVD at the time of the accident — renders the reference to the "address given by the defendant at the time of the accident" completely redundant; in all cases, a mailing to the address listed with MVD would suffice. We find no evidence in the text or context of the statute that such a complete redundancy was intended. *deParrie v. City of Portland*, 138 Or App 105, 111, 906 P2d 844 (1995).[4] Plaintiff's service, therefore, failed to satisfy the requirements of ORCP 7 D(4)(a)(i).

■    Plaintiff next argues that, even if his service did not meet the requirements of ORCP 7 D(4)(a)(i), it did meet the reasonable notice standard of ORCP 7 D(1). He argues that, by leaving a copy of the complaint and summons with defendant's brother, and by mailing the documents to the 5300 Parkview address, his service was reasonably calculated to apprise defendant of the pendency of the action. Defendant argues that, because plaintiff knew that defendant did not live with his brother and knew that he did not live at 5300 Parkview, Lake Oswego, there is no basis on which to conclude that plaintiff's efforts were reasonably calculated to provide defendant notice of the pendency of the action.

■    In evaluating the reasonableness of service under ORCP 7 D(1), we examine "the totality of the circumstances as they were known to plaintiff at the time of service." *Murphy*, 131 Or at 696-97.

We first consider plaintiff's service on defendant's brother. Plaintiff did hand-deliver a copy of the summons and complaint to defendant's brother. Nevertheless, plaintiff had

---

[4] In his reply brief, and for the first time in this case, plaintiff argues that, in any event, service was completed under ORCP 7 D(4)(a)(i), because the rule provides that, for the purposes of computing time periods, service is complete upon the first mailing, and, in this case, the first mailing — to the 5300 Parkview, Lake Oswego, address — occurred before the 60-day period had run. That argument, however, was not asserted at trial and does not afford a basis for reversal on appeal.

no information at that time that reasonably could have led him to believe that defendant would obtain those documents. Defendant's brother did not agree to forward the documents to his brother. *See Atterbury v. Wells*, 125 Or App 591, 595, 866 P2d 484, *rev den* 319 Or 80 (1994). There is no evidence that defendant maintained regular, frequent and predictable contacts with his brother. *See Duber v. Zeitler*, 118 Or App 597, 601, 848 P2d 642, *rev den* 316 Or 527 (1993). To the contrary, defendant's brother told the process server that defendant no longer lived at that address and refused to say where he did live.

We next consider the follow-up mailing to the 5300 Parkview address. Plaintiff already had attempted personal service at that address and had discovered that defendant no longer lived there. Plaintiff does not explain, and we do not understand, how mailing a copy of the summons and complaint to an address at which he knows defendant does not reside is reasonably calculated to provide defendant notice of the pendency of the action.

Plaintiff complains that he "did everything possible to notify defendant" of the action. That, however, is not the standard for determining compliance with ORCP 7 D(1). Moreover, it is not entirely clear that plaintiff, in fact, did everything possible. Plaintiff failed even to attempt service at the address defendant gave to the police until well after the 60-day period had run. Plaintiff argues that service on that address would have been a futile gesture, because, as plaintiff later learned upon the return of the January 18, 1993 mailing, defendant did not live there either. It is undisputed, though, that plaintiff did not know that before the 60-day period had run, and that is the relevant inquiry under ORCP 7 D(1). Under the circumstances, it is clear that plaintiff's service was not reasonably calculated to apprise defendant of the pendency of the action. Accordingly, the trial court did not err in entering summary judgment for defendant.

Affirmed.

**LEESON, J.,** concurring.

I concur with the majority's conclusion that plaintiff failed adequately to serve defendant within the statutory

period but write separately to address an argument under ORCP 7 D(4) that the majority does not address.

According to plaintiff, service in accordance with ORCP 7 D(4) is presumed to be adequate and in this case service was sufficiently completed to confer jurisdiction on the court within the applicable statutory period. Plaintiff argues that, under ORCP 7 D(4)(a)(i),[1] when follow-up mailings are required to multiple addresses, service is complete for jurisdictional purposes upon the *first* mailing to defendant. Thus, plaintiff contends, the trial court acquired jurisdiction over defendant on December 10, 1992, when plaintiff mailed a copy of the summons and complaint to the 5300 Parkview address that had been listed with MVD. *See* ORCP 12.020(2) (allowing plaintiff 60 days from date complaint is filed to complete service sufficient for court to acquire jurisdiction). The majority declines to address plaintiff's argument, because it was made for the first time in his reply brief. 138 Or App at 624 n 4. Because the issue of adequacy of service under ORCP 7 D is the central issue on appeal, I would address it. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (essential distinction between raising an issue, identifying a source of law and making a particular argument).

In determining whether service is adequate under ORCP 7, we apply the two-step process originally set forth in *Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349 (1990).

"First, if the plaintiff used one of the methods described in ORCP 7, then service is presumed to have been reasonably calculated to apprise the defendant of the action and to afford

---

[1] ORCP 7 D(4)(a)(i) provides:

"In any action arising out of any accident * * * in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle * * * who cannot be served with summons by any method specified in subsection 7 D(3) of this rule, may be served with summons by leaving one copy of the summons and complaint with a fee of $12.50 in the hands of the Administrator of [MVD.] * * * The plaintiff shall cause to be mailed by registered or certified mail, return receipt requested, a true copy of the summons and complaint to the defendant at the address given by the defendant at the time of the accident or collision that is the subject of the action, and at the most recent address as shown by the [MVD] driver records, and at any other address of the defendant known to the plaintiff, which might result in actual notice to the defendant. *For purposes of computing any period of time prescribed or allowed by these rules, service under this paragraph shall be complete upon the date of the first mailing to the defendant.*" (Emphasis supplied.)

her a reasonable opportunity to appear and defend. Second, if the defendant rebuts that presumption, or if the plaintiff did not use one of the methods described in the rule, then the court must determine whether service, nevertheless, was adequate, because it satisfied the 'reasonable notice' standard set forth in ORCP 7D(1)." *Mitchell v. Harris*, 123 Or App 424, 427, 859 P2d 1196 (1993); *see also Levens v. Koser*, 126 Or App 399, 401-02, 869 P2d 344 (1994).

ORCP 7 D(4) creates a special rule for service in any action involving a motor vehicle on roads within the state. *Baker*, 310 Or at 225 n 7. Under that rule, MVD is an agent authorized by law to receive service for an individual defendant who cannot be served personally or by substituted service as specified in ORCP 7 D(3). Service in compliance with ORCP 7 D(4) is presumed to be adequate under the reasonable notice standard. *Mitchell*, 123 Or App at 427; *see also Hoyt v. Paulos*, 310 Or 196, 202, 796 P2d 355 (1990) (MVD service is personal service on defendant's statutorily appointed agent, a method authorized by ORCP 7 D(1) and 7 D(3)(a)(i)). Therefore, the question is whether plaintiff served defendant in compliance with ORCP 7 D(4)(a)(i) and, if so, whether anything in the record overcomes the presumption of adequacy.

To construe the rules of civil procedure, we use the ordinary principles of statutory construction. *Weaver and Weaver*, 119 Or App 478, 482, 851 P2d 629 (1993). Consequently, we look to the text of ORCP 7 D(4), read in the context of other related rules and statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

The plain language of ORCP 7 D(4)(a)(i) states that "[f]or purposes of computing any period of time prescribed or allowed by these rules," service is complete upon the *first* mailing to defendant after service on MVD. The reference to "these rules" clearly refers to the civil rules and does not contemplate time periods specified elsewhere in the statutes, such as limitations periods in ORS 12.020. Nevertheless, plaintiff argues that ORS 12.020(2) — under which an action is deemed commenced on the date the complaint is filed if service sufficient to give the court jurisdiction is completed within 60 days — links to the relevant language in ORCP

7 D(4) through ORCP 4. ORCP 4 describes the circumstances under which a court has personal jurisdiction "over a party served in an action pursuant to Rule 7." Plaintiff's argument requires us to read a time computation into ORCP 4.

Under ORCP 4, a court does not acquire personal jurisdiction over a defendant unless there is service of summons pursuant to ORCP 7. *Baker*, 310 Or at 224. Conceivably, one could find a temporal component in ORCP 4 by constructing an imaginary timeline, on which there is no jurisdiction *until* service is completed pursuant to ORCP 7 D(4)(a)(i) by the first follow-up mailing to defendant. Any temporal gate implied by ORCP 4, however, is a far cry from "computing [a] period of time prescribed or allowed by these rules," as specified in ORCP 7 D(4)(a)(i).

Plaintiff also finds support for his argument in the Council on Court Procedures Staff Comment that explains the 1990 amendments to ORCP 7 D(4):

> "The Council amendment of ORCP 7 D makes two major changes in motor vehicle service provided by that section: (1) The new language separates the requirements necessary for adequate service of summons from the conditions for securing a default, and (2) service of summons on the Department of Motor Vehicles under ORCP 7 D(4) becomes an alternative form of service which is only available when service cannot be made upon the defendant by any of the methods specified in ORCP 7 D(3).

> "The first major change was a reaction to *Hoyt v. Paulos*, 96 Or. App. 91, 93-94 (1989). In that case, the Oregon Court of Appeals held that delivery of a copy of the summons and complaint to the defendant's insurance company was not part of service of summons for limitation purposes. *The new language makes clear that under 7 D(4)(a)(i) the actual service of process only requires service upon the Department of Motor Vehicles and supplementary mailing to the defendant. Presumably, this would satisfy the statute of limitations.* However, no default is possible under 7 D(4)(c) until 14 days after the defendant takes the added step of mailing to defendant's insurer if one is known or can be identified. The amended language clearly requires the plaintiff to make inquiry to the Department of Motor Vehicles to determine whether their records show an insurer for the defendant. It also allows service on the DMV to be by mail as well as personal delivery to a DMV office. *The new language makes*

*clear that if mailing is required to multiple addresses for a defendant, service is complete upon the first mailing.* " Lisa A. Kloppenberg, *Oregon Rules of Civil Procedure: 1995-1996 Handbook* 27-28 (1995). (Emphasis supplied.)

What the staff thought to be clearly expressed by the amended language in the rule is irrelevant. Because there is no ambiguity in the text or context of ORCP 7 D, the rules of statutory construction constrain us from considering the history of the rule to determine its underlying intent. *PGE*, 317 Or at 606. According to the plain language of ORCP 7 D(4), plaintiff did not adequately complete service within the limitation period and the trial court therefore lacked personal jurisdiction over defendant.

Even if I were able to conclude that, for purposes of jurisdiction, MVD service is complete after the first follow-up mailing to defendant, plaintiff's attempt to serve defendant was not adequate. Under the analytical framework of *Baker*, service in accordance with ORCP 7 D(4) merely establishes a presumption that such service is reasonably calculated to apprise defendant of the pendency of the action and to afford him a reasonable opportunity to appear and defend. 310 Or at 229. Under the circumstances of this case, that presumption is rebutted. The record demonstrates that, before the limitation period had expired, plaintiff mailed service only to the 5300 Parkview address listed with MVD, even though plaintiff already knew that defendant did not reside there and that there was no forwarding address listed with the post office. Nothing in the record indicates that, at the time that plaintiff attempted to serve defendant, he knew that the Barnes Road address listed on the police accident report would not provide reasonable notice to defendant.