Argued and submitted May 17, affirmed December 11, 1991

## Leopoldo T. CAMPOS,
*Appellant,*

*v.*

## Victoria CHISHOLM,
*Respondent.*

(A8907-04293; CA A65227)

821 P2d 1121

Margaret H. Leek Leiberan, Portland, argued the cause for appellant. With her on the briefs were Roger C. Germundson and Leiberan & Gazeley, Portland.

Warren A. Covington, Portland, argued the cause for respondent. With him on the brief was Lachenmeier & Enloe, Portland.

Before Joseph, Chief Judge, and Richardson* and Deits, Judges.

JOSEPH, C. J.

---

* Richardson, J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Plaintiff appeals a judgment that dismissed his claim because of failure adequately to serve defendant with the summons and the complaint within the 2-year Statute of Limitations. ORCP 7. We affirm.

The facts are undisputed. Plaintiff and defendant were involved in an automobile accident in August, 1987. At that time, defendant lived in Beaverton. At the accident scene, she gave plaintiff her Beaverton address. In July, 1988, she moved to Aloha and, within 30 days, notified the Department of Motor Vehicles (DMV) of her new address. She has lived at that address ever since.

On July 28, 1989, plaintiff filed this complaint. In an attempted compliance with ORCP 7D(4)(a)(ii), he served DMV with a summons and the complaint on August 1. On August 3, he mailed a summons and the complaint to defendant's insurer. He also mailed a summons and the complaint by regular and certified mail to her former residence in Beaverton. The post office returned both mailings, because the forwarding period had expired.[1] Later, plaintiff's insurer notified her of the complaint. On September 1, she filed an answer, including the affirmative defense of inadequate service.

The court found that plaintiff had had the opportunity but had failed to obtain defendant's last known address from DMV. It concluded that he had failed to serve her in accordance with ORCP 7 and that, therefore, it did not have jurisdiction. ORCP 4.

In *Baker v. Foy*, 310 Or 221, 797 P2d 349 (1990), the court detailed the analysis for determining whether service complied with ORCP 7D. The first step is to decide whether service was made by a method specified in ORCP 7D(2) that is permitted for the particular defendant by ORCP 7D(3) and was accomplished in accordance with ORCP 7D(2). Plaintiff concedes that he failed to serve defendant in accordance with *any* of the methods enumerated in ORCP 7D(2). Accordingly,

---

[1] There was no evidence of when plaintiff received the returned letters. However, the court found that, after they were returned, plaintiff had the opportunity to send a summons and the complaint to defendant's correct address before the last date on which he could have effected service. *See* ORS 12.020(2).

we have to decide whether the service nonetheless satisfied the "reasonable notice" standard in ORCP 7D(1).

We conclude that plaintiff failed to serve defendant in any manner reasonably calculated to apprise her of the action. Plaintiff acknowledges that he attempted service under ORCP 7D(4)(a) by giving a summons and the complaint to DMV but failed to complete that attempt, because he did not also mail it to defendant's "most recent address as shown by the Motor Vehicle Division's driver records." ORCP 7D(4)(a)(ii). Defendant had notified DMV of her new address, ORCP 7D(4)(b), and she lived there. Had plaintiff gotten her address from DMV, he could have actually served her. *See Edwards v. Edwards*, 310 Or 672, 683, 801 P2d 782 (1990).

Plaintiff argues that, because defendant received actual notice of the action, the attempted service was necessarily done in a manner calculated to apprise her of the action. However, actual notice does not cure a defective service. *Jordan v. Wiser*, 302 Or 50, 60, 726 P2d 365 (1986). Defendant received notice of the action only through her insurer. Plaintiff did not authorize her insurer to receive a summons and the complaint on her behalf. *See Baker v. Foy, supra*, 310 Or at 230. Notice to the insurer was not notice to her. *See Hoyt v. Paulos*, 310 Or 196, 203, 796 P2d 355 (1990). The court did not err when it dismissed the action.[2]

Affirmed.

---

[2] Defendant's brief includes a purported assignment of error. However, she did not file a cross-appeal. She seeks to overturn the denial of her motion for summary judgment. We will not consider the matter. *Booras v. Uyeda*, 295 Or 181, 189 n 4, 666 P2d 791 (1983).