Argued and submitted December 9, 1992, reversed and remanded March 17, 1993

Cathi E. LUYET,
*Appellant,*

*v.*

Albert Edward EHRNFELT,
*Respondent.*

(C901281CV; CA A73372)

848 P2d 654

Kathryn H. Clarke, Portland, argued the cause and filed the briefs for appellant.

Jerry K. Brown, McMinnville, argued the cause for respondent. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a judgment after a trial to the court on defendant's affirmative defense that he was not served within the statute of limitations. The court held that the service of summons on defendant was inadequate under ORCP 7D.[1] We reverse.

It is undisputed that, on December 17, 1990, five days before the applicable statute of limitations was to run, plaintiff filed a complaint alleging that defendant negligently caused an automobile accident. On January 23, 1991, she left a copy of the summons and complaint with a nonresident friend of defendant who was working at defendant's home.[2] On February 4, 1991, she mailed a copy of the summons and complaint to defendant at his residence, pursuant to ORCP 7D(2)(a). On February 13, 1991, she served the Motor Vehicles Division (MVD), pursuant to ORCP 7D(4)(a)(i). The 60-day deadline for service under ORS 12.020(2) expired on February 15, 1991.[3]

■ Plaintiff argues that the service to defendant was reasonably calculated to apprise defendant of the lawsuit and was therefore effective under ORCP 7D(1). Defendant argues to the contrary, pointing out that the mailing of the summons and complaint to defendant preceded the service on MVD. He says that, if the prescribed order of service under ORCP 7D(4)(a) is disregarded, there is no reasonable expectation that service would be effected.[4] The determination of

---

[1] Defendant filed a motion for summary judgment and an answer at the same time, both asserting in essence that plaintiff failed to make adequate service before the statute of limitations ran. The motion for summary judgment appears first in the trial court file. Plaintiff does not argue that defendant waived his right to challenge the adequacy of service by filing a simultaneous summary judgment motion and answer, and we do not address that issue. *See Spada v. Port of Portland*, 55 Or App 148, 637 P2d 229 (1981).

[2] This service did not comply with ORCP 7D(2)(b).

[3] ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

[4] In *Campos v. Chisholm*, 110 Or App 158, 821 P2d 1121 (1991), the plaintiff attempted service under ORCP 7D(4)(a). The plaintiff served the MVD. However, he did not inquire of the MVD as to the defendant's "most recent address," but instead

whether the service was "reasonably calculated" to apprise defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend is a question of law.

ORCP 7D(1) sets forth a "reasonable notice" standard for determining adequate service of summons. It provides:

"Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. * * *"

Under this rule, the court examines the totality of the circumstances to determine if the service of summons was reasonably calculated to provide a defendant with notice of the action and a reasonable opportunity to appear and defend. *Baker v. Foy*, 310 Or 221, 225, 797 P2d 349 (1990).[5]

■ ■ Plaintiff served MVD, defendant's statutorily appointed agent for service, pursuant to ORCP 7D(4)(a)(i).[6]

---

mailed the summons to the defendant's address at the time of the accident. Between the time of the automobile accident and the attempted service, the defendant had moved. We held that the service was ineffective under both ORCP 7D(4)(a) and 7D(1). *But see Korgan v. Gantenbein*, 74 Or App 154, 158, 702 P2d 427 (1985).

[5] The court said:

"Any errors in 'the form of summons, issuance of summons, and the person who may serve the summons,' which are not ignored by the court because defendant did not have actual notice, *see* ORCP 7 G (first sentence) and *Jordan v. Wiser*, [302 Or 50, 59, 726 P2d 365 (1986)] quoting with approval Council on Court Procedures, Staff Comment to Rule 7, Merrill's Oregon Rules of Civil Procedure: 1986 Handbook 6, and any error in 'the content of or service of summons' which has not been corrected by amendment as permitted by ORCP 7 G (second sentence), or that materially prejudices the substantive rights of the defendant, *see* ORCP 7 G (second sentence), *Lake Oswego Review v. Steinkamp*, [298 Or 607, 614-15 n 2, 695 P2d 565 (1985)] are to be considered by the court in its determination of whether (1) the presumption of validity, referred to in *Question 1*, has been overcome, or (2) the 'reasonable notice' standard of adequate service of summons referred to in *Question 2, infra*, has been satisfied." 310 Or at 229 n 12.

[6] ORCP 7D(4)(a)(i) provides:

"In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf who cannot be served with summons by any method specified in subsection 7 D.(3) of this rule, may be served with summons by leaving one copy of the summons and

In addition, plaintiff mailed a copy of the summons and complaint to defendant at his residence pursuant to ORCP 7D(2)(d).[7] Under the circumstances, we do not find it significant to our analysis under ORCP 7D(1) that the mailing to defendant's home occurred before the service on MVD. Defendant resided at the address to which plaintiff mailed the summons and he does not contend that MVD had additional addresses to which plaintiff should have mailed the summons. Also, he does not assert that he was prejudiced in any way by the sequence of service on the MVD and on him. Moreover, this is not a case in which defendant's discovery of the existence or pendency of the action was by "happenstance" or "fortuity."[8] We hold that the method of service used by plaintiff was reasonably calculated to apprise defendant of the existence and pendency of the action and afforded defendant a reasonable opportunity to appear and defend and, therefore, was adequate under ORCP 7D(1).

Because of the basis of our disposition, we do not address plaintiff's other assignment of error.

Reversed and remanded.

---

complaint with a fee of $12.50 in the hands of the Administrator of the Motor Vehicles Division or in the Administrator's office or at any office the Administrator authorizes to accept summons or by mailing such summons and complaint with a fee of $12.50 to the office of the Administrator of the Motor Vehicles Division by registered or certified mail, return receipt requested. The plaintiff shall cause to be mailed by registered or certified mail, return receipt requested, a true copy of the summons and complaint to the defendant at the address given by the defendant at the time of the accident or collision that is the subject of the action, and at the most recent address as shown by the Motor Vehicles Division's driver records, and at any other address of the defendant known to the plaintiff, which might result in actual notice to the defendant. For purposes of computing any period of time prescribed or allowed by these rules, service under this paragraph shall be complete upon the date of the first mailing to the defendant."

[7] ORCP 7D(2)(d) provides:

"Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested. For the purpose of computing any period of time prescribed or allowed by these rules, service by mail shall be complete three days after such mailing if the address to which it was mailed is within this state and seven days after mailing if the address to which it is mailed is outside this state."

[8] We note that actual notice by the defendant does not make service adequate under ORCP 7D(1) if the summons was not served in a manner reasonably calculated to apprise the defendant of the existence and pendency of the action. *Baker v. Foy, supra; Jordan v. Wiser, supra,* n 5, 302 Or at 60.