Argued and submitted April 19, affirmed July 26, 1995

Bruce HUFFMAN,
*Appellant,*

*v.*

Frank Robert LEON DE MENDOZA,
*Respondent.*

(9300538CV; CA A83260 (Control))

Bruce HUFFMAN,
*Appellant,*

*v.*

Frank Robert LEON DE MENDOZA
and Javier Mendoza Mendoza,
*Respondents.*

(9301365CV; CA A83261)
(Cases Consolidated)

899 P2d 734

George W. Kelly argued the cause and filed the brief for appellant.

David Gilstrap argued the cause for respondents. With him on the brief was Davis, Gilstrap, Harris, Hearn & Welty, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from an amended judgment, which set aside an earlier default judgment in plaintiff's favor, and from a supplemental judgment awarding attorney fees to defendant Frank Leon De Mendoza (Frank). We affirm.

The relevant facts are not in dispute. In August 1990, Frank entered into a retainer agreement with plaintiff, who is an attorney. Shortly thereafter, Frank transferred some real property located in Klamath County to his cousin, defendant Javier Mendoza Mendoza (Javier), stating consideration of "love and affection." On April 13, 1992, Frank filed a petition for Chapter 7 relief in United States Bankruptcy Court. He listed plaintiff in the bankruptcy petition, showing him to be a creditor holding an unsecured claim for attorney fees. The bankruptcy court records show plaintiff's correct address and that he was sent timely notice both of the filing and of the later discharge in bankruptcy of Frank's debts. That discharge was granted in August 1992, and it applied to the debt to plaintiff.

In February 1993, plaintiff sued Frank for breach of the retainer agreement. Plaintiff filed a motion and affidavit seeking leave to pursue alternative service of summons pursuant to ORCP 7 D(6)(a).[1] Plaintiff told the court that he had tried to find Frank to serve him with summons and complaint by asking of Frank's whereabouts of "the persons most likely" to know them, but he had been unable to locate Frank. Plaintiff stated that he had attempted to contact Frank by sending letters to his last known address in San Jose, California. None of the letters was returned. He also had contacted a realtor in Klamath Falls who stated that all contacts he had with Frank were by writing to him at the San Jose address. Based on plaintiff's statements, the court authorized plaintiff to serve summons and complaint on Frank by regular mail and by posting in the Klamath County Courthouse. Frank did

---

[1] ORCP 7 D(6)(a) provides, in part:

"On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action * * *."

not appear in the action, and in March 1993, plaintiff obtained a default judgment against him for $11,355.[2]

In April 1993, plaintiff sued both defendants under the Uniform Fraudulent Transfer Act, ORS 95.200-95.310, alleging that he had obtained a judgment against Frank, and that Frank had fraudulently transferred real property to Javier to avoid Frank's debt to plaintiff. Plaintiff again sought leave to pursue alternative methods of service on defendants. The affidavit in support of plaintiff's motion stated that plaintiff had made "a due [and] diligent search to locate" them.

In addition to the information plaintiff had included in the first affidavit pertaining to Frank, plaintiff stated that he had placed a call to a telephone at the San Jose address and had spoken with someone who would not give his full name, but who said that he forwarded defendants' mail to an undisclosed location. Plaintiff stated that he believed that defendants were living somewhere in Mexico and had not been in Oregon since 1992. Plaintiff opined that "posting at the Klamath Co. Courthouse and mailing to [defendants'] last known addresses by regular mail" were the methods most likely to result in actual notice.

The court granted plaintiff's motion, and plaintiff served defendants by posting the summons and complaint in Klamath Falls and by mailing them by regular mail to defendants' last known addresses. On June 3, 1993, plaintiff obtained a default judgment against defendants for the amount of the original judgment against Frank plus additional attorney fees.

In December 1993, defendants moved to set aside both judgments under ORCP 71 B(1)(c) and (d)[3] on the ground that the judgments were void because the underlying debt had been discharged in bankruptcy and because the trial

---

[2] The award included $2,080 for unpaid legal fees, $7,500 for punitive damages on a fraud claim, and $1,660 for attorney fees incurred in the action.

[3] ORCP 71 B(1)(c) and (d) provide:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (c) fraud, misrepresentation, or other misconduct of an adverse party [or] (d) the judgment is void * * *."

court lacked personal jurisdiction over defendants due to defective service, and on the alternative ground that the judgment had been obtained through fraud. On February 8, 1994, the court entered judgments setting aside the earlier judgments, based on the discharge in bankruptcy of Frank's debt. The court did not reach defendants' other arguments. The court later entered a supplemental judgment awarding attorney fees to Frank only, based on ORS 20.094.

On appeal, plaintiff concedes that the judgments against Frank are void due to the discharge in bankruptcy. He argues, however, that the trial court erroneously concluded that the judgment against Javier also was void as a result of the bankruptcy. We do not reach plaintiff's arguments, because we conclude that there was not adequate service of summons on Javier and, so, the court lacked personal jurisdiction over him.

ORCP 7 D(1) requires that summons be served

"in [a] manner reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and to afford a reasonable opportunity to appear and defend."

ORCP 7 D identifies various means by which service of summons can be made, depending on the type of defendant to be served. When service cannot be made on an individual through the methods specified in ORCP 7 D(3) or in any other relevant statute or rule, a plaintiff may file an affidavit seeking the court's permission to use an alternative service method under ORCP 7 D(6)(a).

The affidavit seeking permission to serve a defendant by alternative means "must contain positive averments of probative or evidentiary facts" from which a court can conclude that "all reasonable means have been exhausted" in attempting to locate the defendant for service. *Kintigh v. Elliott*, 280 Or 265, 270, 570 P2d 659 (1977). The Supreme Court has suggested that the possible sources that should be contacted in an effort to locate a defendant include "the post office for defendant's last known address; defendant's employer, if any; public utility companies, such as light, phone, and water; neighbors; and friends or relatives, if any, in the area." *Id.*; *see also Ter Har v. Backus*, 259 Or 478, 482, 487 P2d 660 (1971).

■        Plaintiff's efforts to locate Javier fall far short of the standard of diligence required by the court's holdings in *Kintigh* and *Ter Har*. Plaintiff stated in his affidavit that he had made "inquiry on the following dates of the following persons most likely to know where [Frank could] be found." Plaintiff then reproduced essentially the same affidavit that he had filed in the first action in support of alternative service on Frank. The only facts in the affidavit relating to plaintiff's search for *Javier* are: (1) that plaintiff checked with "Maggie" at the county assessor's office who told plaintiff that the address she had on file for Javier was the San Jose address and (2) that plaintiff spoke to someone at the San Jose address who said that he forwarded Javier's mail to an undisclosed address. Plaintiff simply failed to exercise sufficient diligence in attempting to locate Javier to satisfy the standard for pursuing alternative service.

■        Furthermore, if alternative service were justified, the alternative method of service used must be "reasonably calculated" to apprise the defendant of the action. ORCP 7 D(6)(a); *Baker v. Foy*, 310 Or 221, 225, 797 P2d 349 (1990). In the case of service by mail, the rules suggest serving a summons and complaint by certified or registered mail, return receipt requested, or by designating that it be delivered only to the addressee. ORCP 7 D(2)(d); ORCP 7 D(6)(a). The methods suggested in the rules are not exclusive. Nevertheless, whatever the service method employed by a plaintiff, it still must satisfy the requirement in ORCP 7 D(1) that it be reasonably calculated to give the defendant notice of the action. *Baker*, 310 Or at 225.

        In this case, plaintiff served the summons and complaint by regular mail to addresses in Klamath Falls and in California. He knew that Javier did not reside at either address. *See Jordan v. Wiser*, 302 Or 50, 60, 726 P2d 365 (1986) (method of service inadequate where the plaintiff served the summons on the defendant's mother in Oregon, when the defendant lived in Washington); *Levens v. Koser*, 126 Or App 399, 869 P2d 344 (1994) (summons mailed by certified mail to the defendant's parents' home, where the defendant did not reside, was not reasonably calculated to reach the defendant). Plaintiff did not mail the summons and complaint by certified mail, nor did he include instructions for

restricted delivery. *See Lake Oswego Review v. Steinkamp*, 298 Or 607, 695 P2d 565 (1985) (service sufficient where summons sent with instructions for restricted delivery and summons was in fact delivered to the defendant). Under the circumstances, serving the summons and complaint by regular mail to the Klamath Falls and California addresses was not reasonably calculated to inform Javier of the action.

Plaintiff also posted notice of the action in the Klamath County Courthouse. At the time of the posting, however, plaintiff believed that Javier was living somewhere in Mexico and had not been in Oregon since 1992. Under those circumstances, posting notice in Klamath Falls also was not reasonably calculated to apprise Javier of the action.

Plaintiff attempted no form of publication in California or in Mexico, nor did plaintiff attempt any sort of search for Javier in Mexico. *See* ORCP 7 D(5) (service in foreign country sufficient if it complies with law of that country and is otherwise reasonably calculated to give actual notice). The service in this case was not reasonably calculated to inform Javier of the action against him. For the foregoing reasons, the trial court lacked personal jurisdiction over Javier, and it properly set aside the default judgment against him as void. Plaintiff's other assignments of error address the award of attorney fees to Frank under the supplemental judgment. We have considered those assignments and have determined that they are not well taken and do not require discussion.

Affirmed.