Argued and submitted December 18, 1995, affirmed July 17, appellant's petition for reconsideration filed August 1 allowed by opinion September 18, 1996 See 143 Or App 546, 923 P2d 1347 (1996)

Carla MITCHEM,
*Appellant,*

*v.*

David RICE,
*Respondent.*

(C94-0378CV; CA A87838)

920 P2d 1121

Lilian Bier argued the cause for appellant. On the brief were Brien F. Hildebrand and Moomaw, Miller & Hildebrand.

James F. Hutchinson argued the cause for respondent. With him on the brief was Cavanagh & Zipse.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

The trial court entered summary judgment in favor of defendant on the ground that defendant had not been timely served. Plaintiff appeals, arguing that the undisputed facts show that she did, in fact, timely serve defendant in accordance with all applicable rules. We conclude that the trial court was correct and affirm.

The relevant facts are undisputed. On May 7, 1992, plaintiff was injured in an automobile accident involving defendant. On April 27, 1994, plaintiff filed a complaint against defendant for damages resulting from the injuries sustained in the 1992 accident. Plaintiff immediately attempted to serve defendant at the address he gave at the scene of the accident, but by that time he had moved. Plaintiff then obtained defendant's most recent address on file with the Oregon Motor Vehicle Department (MVD), but when she attempted service at that address, the occupant told her that defendant had moved the previous year.

On May 11, 1994, plaintiff served a copy of the complaint and summons on MVD and sent a follow-up copy by mail to the address defendant gave at the scene of the accident and the address on file at MVD. On May 31, 1994, plaintiff sent a copy of the complaint, by certified mail, to defendant's insurance adjuster, who forwarded the complaint to the insurer's counsel.

On June 8, 1994, defendant answered and, among other things, alleged as an affirmative defense that plaintiff had failed to complete service within the time allowed by law. In November 1994, defendant moved for summary judgment on that affirmative defense. According to defendant, under ORS 12.020(2), plaintiff had 60 days from the filing of the complaint to complete service, and she did not do so. Plaintiff responded that she did, in fact, complete service on MVD well within the 60-day period. Defendant replied that MVD service is permitted under the rules only when it has been shown that a defendant cannot be served by another specified method, and plaintiff failed to do that. The trial court agreed with defendant and granted the summary judgment motion.

■ On appeal, plaintiff argues that the trial court erred, because the applicable rule does not require her to exhaust other methods before attempting MVD service. In the alternative, she argues that she made reasonable efforts to serve defendant by other means, and that should be sufficient. She further argues that, even if she did not completely comply with the rules of service of process, the fact remains that defendant received actual notice of the pendency of the action. Defendant maintains that the applicable rules require plaintiff to exhaust other available methods of service before attempting MVD service and that, because she failed to do so, the trial court correctly entered summary judgment in his favor. The fact that he fortuitously received actual notice, defendant argues, is irrelevant.

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 139 Or App 244, 248, 911 P2d 1243, *rev allowed* 323 Or 483 (1996). In this case, the facts are undisputed; the only question is whether, on the record before us, plaintiff's attempted service was adequate and timely. That is a question of law. *Luyet v. Ehrnfelt*, 118 Or App 635, 637-38, 848 P2d 654 (1993).

ORS 12.020(2) provides:

> "If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

The court "acquire[s] jurisdiction" under ORS 12.020(2) when the requirements of ORCP 7 are satisfied. *Baker v. Foy*, 310 Or 221, 224, 797 P2d 349 (1990); *Paschall v. Crisp*, 138 Or App 618, 622, 910 P2d 407 (1996). To determine whether the requirements of ORCP 7 have been met, we apply a two-part test. First, if service was accomplished in accordance with one of the methods specifically described in the rule, then we presume that service was adequate, and, if nothing in the

record overcomes that presumption, the inquiry ends. Second, if service was not accomplished in accordance with one of the methods specified by the rule, we must determine whether the method that the plaintiff did employ nevertheless was reasonably calculated to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. *Baker*, 310 Or at 224-25; *Paschall*, 138 Or App at 622.

In this case, the complaint was filed on April 27, 1994. Thus, the question is whether plaintiff served defendant on or before June 27, 1994, 60 days after filing the complaint, in a manner that satisfied either component of the two-part test required under ORCP 7.

Plaintiff's first argument is that she satisfied the requirements of MVD service, as specified in ORCP 7 D(4)-(a)(i), which provides, in relevant part:

> "In any action arising out of any accident, collision, or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf *who cannot be served with summons by any method specified in subsection D(3) of this rule,* may be served with summons by leaving one copy of the summons and complaint with a fee of $12.50 with the Department of Transportation * * *. The plaintiff shall cause to be mailed by registered or certified mail, return receipt requested, a true copy of the summons and complaint to the defendant at the address given by the defendant at the time of the accident or collision that is the subject of the action, and at the most recent address as shown by the Department of Transportation's driver records, and at any other address of the defendant known to the plaintiff, which might result in actual notice to the defendant."[1]

(Emphasis supplied.) The rule expressly provides that MVD service is permissible only when defendant "cannot be served with summons by any method specified in subsection [7]

---

[1] We cite the current versions of ORCP 7 D(4)(a)(i) and, below, ORCP 7 D(7), although these rules have been amended since 1994, when the complaint in this case was filed and service was attempted. The amendments were minor and do not affect the substance of our analysis.

(D)(3)" of the rules. That section provides that service may be completed

> "[u]pon an individual defendant, by personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons."

ORCP 7 D(3)(a)(i). The rule further provides that

> "[a] defendant cannot be served with summons by any method specified in subsection D(3) of this rule *if the plaintiff attempted service of summons by **all** of the methods specified in subsection D(3)* and was unable to complete service, or if the plaintiff knew that service by such methods could not be accomplished."

ORCP 7 D(7) (emphasis and boldface supplied).

With the foregoing rules in mind, we may quickly dispose of plaintiff's argument that she satisfied the requirements of ORCP 7 D(4)(a)(i). That rule unambiguously provides that, before a plaintiff may avail herself of MVD service, she must either have unsuccessfully attempted *all* of the service methods described in ORCP 7 D(3) or have known that such service would have been unsuccessful. ORCP 7 D(3) describes three methods of service on individual defendants, one of which is service at a defendant's office. In this case, there is nothing in the summary judgment record describing any attempt to serve defendant by office service or any averment that plaintiff had even investigated whether such service could have been accomplished. Plaintiff, therefore, failed to establish that she completed service in accordance with the method specified in ORCP 7 D(4)(a)(i).

■ Plaintiff's second argument is that, even if she did not complete service in accordance with a specific rule, service on MVD, followed by mailing the complaint and summons to defendant's insurer and to defendant at the addresses he had given at the accident scene and on file at MVD, was reasonably calculated to apprise defendant of the pendency of the action, as evidenced by the fact that defendant thereby received actual notice. Plaintiff does not explain, and we do

not understand, how mailing a copy of a summons and complaint to addresses plaintiff already knew were not defendant's current address was reasonably calculated to apprise him of the pendency of the action. As to service on MVD and mailing to defendant's insurer, our decision in *Campos v. Chisholm*, 110 Or App 158, 821 P2d 1121 (1991), is on point. There, the plaintiff had the opportunity to obtain the defendant's last known address from MVD but failed to do so. Instead, the plaintiff served MVD and mailed a complaint and summons to the defendant's insurer. The plaintiff argued that the service upon MVD and the insurer satisfied the reasonable notice standard of ORCP 7 D(1). We rejected that argument and concluded that the plaintiff had failed to serve the defendant in a manner reasonably calculated to apprise her of the action. We held that actual notice does not cure defective service. We further noted that the defendant had not authorized her insurer to receive service on her behalf and that, as matter of law, notice to the insurer was not notice to the defendant. *Id.* at 161. In this case, there is no evidence that defendant authorized his insurer to receive summons on his behalf, and plaintiff makes no argument that notice to the insurer was, in and of itself, notice to defendant.

Plaintiff insists that, under *Duber v. Zeitler*, 118 Or App 597, 848 P2d 642, *rev den* 316 Or 527 (1993), service on the insurer was adequate. In *Duber*, however, we held that service on a defendant's wife, from whom he was at the time separated, was adequate because "[t]he undisputed evidence is that defendant maintained regular, frequent and *predictable* contacts with his wife's residence for the purpose of picking up his mail and visiting his children." *Id.* at 601 (emphasis in original). There is no evidence in this case that defendant had "regular, frequent and *predictable*" contact with his insurance company.

Plaintiff's last argument is that, even if she failed to serve defendant in accordance with the rules, the fact is that defendant suffered no prejudice, because he received actual notice of the pendency of the action before the 60-day deadline passed. Actual notice, however, does not cure defective service. *Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den* 321 Or 137 (1995).

We conclude that the summary judgment record establishes that defendant was entitled to judgment as a matter of law, because plaintiff failed timely to serve defendant in accordance with the requirements of ORCP 7.

Affirmed.