On appellant's petition for reconsideration filed August 1, petition for reconsideration allowed; opinion (142 Or App 214, 920 P2d 1121) modified and adhered to as modified September 18, petition for review denied November 26, 1996 (324 Or 394)

# Carla MITCHEM,
*Appellant,*

*v.*

# David RICE,
*Respondent.*

## (C94-0378CV; CA A87838)

923 P2d 1347

Brien F. Hildebrand and Moomaw, Miller & Hildebrand for petition.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff petitions for reconsideration of our opinion affirming the trial court's entry of summary judgment in favor of defendant on the ground that defendant had not been timely served. We allow the motion, modify our opinion and adhere to it as modified.

At issue in this case is whether plaintiff properly could avail herself of Motor Vehicles Division (MVD) service under ORCP 7 D(4)(a)(i), which provides that such alternative service is permissible as to defendants "who cannot be served with summons by any method specified in subsection D(3) of this rule." ORCP 7 D(3)(a)(i), in turn, provides that service may be completed

> "[u]pon an individual defendant, by personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons."

ORCP 7 D(7) further provides that

> "[a] defendant cannot be served with summons by any method specified in subsection D(3) of this rule if the plaintiff attempted service of summons by all of the methods specified in subsection D(3) and was unable to complete service, or if the plaintiff knew that service by such methods could not be accomplished."

In this case, plaintiff attempted unsuccessfully to serve defendant at the address that defendant had given to plaintiff while at the scene of an automobile accident; defendant had since moved. Plaintiff then obtained defendant's most recent address on file with MVD, but by the time service was attempted at that address, defendant had again moved. On the basis of the foregoing efforts, plaintiff turned to MVD service. The trial court held that plaintiff could not properly do so. We affirmed, holding that plaintiff had failed to demonstrate that she had attempted service by "all of the methods specified in subsection D(3)," which includes office service, or that she knew that all such service methods could not

be accomplished. *Mitchem v. Rice*, 142 Or App 214, 219, 920 P2d 1121 (1996).

■    In her petition for reconsideration, plaintiff argues that we erred in so holding. According to plaintiff, our opinion misapplied the proper burden of proof in summary judgment cases:

> "In the summary judgment setting, the moving party always shoulders the burden of showing that there is no genuine issue of material fact and that he or she is entitled to a judgment as a matter of law. *Seeborg v. General Motors Corp[oration]*, 284 Or 695, 699, 588 P2d 1100 (1978). This is true even as to an issue on which the party opposing the summary judgment would have the burden of proof if the case were tried. *Id.* This means that the *moving party* has the burden to show an absence of a factual dispute."

(Emphasis in original.) Plaintiff contends that it was up to defendant to show that she had failed to attempt office service, not up to her to show that she did make such an attempt. Plaintiff contends that, because defendant made no argument that she had failed to attempt office service, she should have prevailed.

To begin with, defendant did contend below that plaintiff had failed to attempt service by *all* of the methods described in ORCP 7 D(3). Moreover, even assuming that defendant had not done so, plaintiff's argument is premised on the *Seeborg* decision, which reflects a view of summary judgment law that no longer is viable. In *Jones v. General Motors Corp.*, 139 Or App 244, 249, 256, 911 P2d 1243, *rev allowed* 323 Or 483 (1996), a majority of this court sitting in banc held that *Seeborg* no longer states the law and that, instead, 1995 amendments to ORCP 47 C effectively adopted the allocation of burdens expressed in the Federal Rules of Civil Procedure and that those amendments apply retroactively to all pending cases. Under *Jones*, plaintiff *would* have the burden of establishing that she had attempted "all of the methods specified in subsection D(3)."

■    There remains the question of whether we may apply the standard announced in *Jones* to a case such as this, which was decided before the amendments to ORCP 47 C were enacted. In *Jones*, we suggested that when "[t]he goal posts

have moved" mid-appeal, it may be appropriate to remand the case to give the parties an opportunity to brief the matter under the new standard. *Jones,* 139 Or App at 264.

We need not do so here, because, even under the *Seeborg* standard, plaintiff failed in her proof. In *Huffman v. Leon De Mendoza,* 135 Or App 680, 684, 899 P2d 734 (1995), *rev den* 322 Or 489 (1996), we held that, to establish that service cannot successfully be accomplished by the methods specified in ORCP 7 D(3) or any other relevant statute or rule,

> "[t]he affidavit seeking permission to serve a defendant by alternative means 'must contain positive averments of probative or evidentiary facts' from which a court can conclude that 'all reasonable means have been exhausted' in attempting to locate the defendant for service."

*Id.* (quoting *Kintigh v. Elliott,* 280 Or 265, 270, 570 P2d 659 (1977)). We noted that

> "[t]he Supreme Court has suggested that the possible sources that should be contacted in an effort to locate a defendant include 'the post office for defendant's last known address; defendant's employer, if any; public utility companies, such as light, phone, and water; neighbors; and friends or relatives, if any, in the area.' "

*Id.* (quoting *Kintigh,* 280 Or at 270.) *See also Ter Har v. Backus,* 259 Or 478, 482, 487 P2d 660 (1971); *Dhulst and Dhulst,* 61 Or App 383, 386-88, 657 P2d 231 (1983). In this case, defendant did assert below and on appeal that plaintiff had failed to check, among other things, the post office and public utility records for defendant's last known address, and the summary judgment record contains no evidence that she in fact did so. Plaintiff argued both below and on appeal only that, based upon information obtained after the filing of the summary judgment motions, such inquiries would not have been fruitful. That, however, is beside the point, which is whether plaintiff knew, at the time of attempted service, that she could not serve defendant by any of the methods described in ORCP 7 D(3). Thus, even under the pre-*Jones* summary judgment standard, the trial court did not err in entering summary judgment for defendant.

Petition for reconsideration allowed; opinion modified and adhered to as modified.