Argued and submitted October 21, motions to strike appellant's brief denied; affirmed December 3, 1997

Brandi R. WALTERS,
*Appellant,*

*v.*

Martin E. ANGELES,
*Respondent.*

(9511-08195; CA A95294)

950 P2d 346

Lori E. Deveny argued the cause for appellant. With her on the briefs was Pozzi Wilson Atchison, LLP.

Simon J. Harding argued the cause for respondent. With him on the brief was Schulte, Anderson, Downes, Carter & Aronson, P.C.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Joseph, Senior Judge.*

JOSEPH, S. J.

---

* Joseph, S. J., *vice* Richardson, S. J.

## JOSEPH, S. J.

Plaintiff brought this negligence action to recover damages for personal injuries suffered in an automobile collision. Defendant moved for summary judgment on the ground that he was not properly served within the time limit of the applicable statute of limitations. The trial court granted the motion and entered a judgment for defendant. Plaintiff appeals.[1] We affirm.

The accident occurred on December 3, 1993. The complaint was filed November 7, 1995. On November 7, plaintiff's agent attempted personal service on defendant at 2700 N.E. 205th Avenue, Apartment No. 208, in Troutdale, the address that defendant gave at the time of the accident. On being told that defendant did not live at that address, the agent contacted the apartment manager but obtained no information about any other address. The address was, according to plaintiff, the same as her attorney was furnished on inquiry to the Motor Vehicles Division (MVD) on November 6, the day before service was attempted. However, the summary judgment record contains a document that indicates that, on May 11, 1994, defendant had notified MVD of a change of address. Moreover, when defendant and his wife were interviewed by plaintiff's investigator on August 4, 1994, defendant gave the address at which service was later attempted but his wife gave another address.[2] The record is bare of any effort by plaintiff to attempt personal service on

---

[1] Defendant has moved to strike plaintiff's brief because it contains no assignments of error, in violation of ORAP 5.45(1). In her reply brief, plaintiff sets out the single assignment of error that she asserts. Although that does not satisfy the rule, and the rule ought to be followed in every case, we exercise our discretion in this instance to deny the motion to strike. *See* ORAP 1.20(4).

[2] In her opening brief, plaintiff asserts that both defendant and his wife gave the same address in the interview. The record does not support that or some other factual assertions in the brief. Defendant has moved to strike plaintiff's brief for failure to comply with ORAP 5.40(8). In her reply brief, plaintiff concedes that defendant's wife gave a different address in the interview and that some other purported facts are counsel's inferences from matters in the record. Although we deny the motion to strike the brief, we do not condone plaintiff's failure to comply with the rule. One of the historical, and superior, virtues of Oregon's appellate practice, unlike some other jurisdictions, is that counsel can almost always be trusted to state the record accurately, thereby avoiding potentially misleading advocacy.

defendant after November 7. Instead, plaintiff attempted service through MVD. ORCP 7 D(4).

In *Mitchem v. Rice*, 142 Or App 214, 920 P2d 1121, *adhered to as modified* 143 Or App 546, 923 P2d 1347, *rev den* 324 Or 394 (1996), we exhaustively reviewed the two-part test for sufficiency of service under ORCP 7, including ORCP 7 D(7), which defines when "a defendant cannot be served with summons by any method specified in subsection D(3)." We held:

> "That rule unambiguously provides that, before a plaintiff may avail herself of MVD service, she must either have unsuccessfully attempted *all* of the service methods described in ORCP 7 D(3) or have known that such service would have been unsuccessful. ORCP 7 D(3) describes three methods of service on individual defendants, one of which is service at a defendant's office. In this case there is nothing in the summary judgment record describing any attempt to serve defendant by office service or any averment that plaintiff had even investigated whether such service could have been accomplished. Plaintiff, therefore, failed to establish that she completed service in accordance with the method specified in ORCP 7 D(4)(a)(i)." 142 Or App at 219 (emphasis in original).

Substantially the same must be said in this case. Personal service was attempted only at the address furnished at the time of the accident. There is nothing in the record to show that office service was not practicable. The only reference to office service is plaintiff's counsel's affidavit submitted in response to the summary judgment motion stating her belief that, because defendant spoke Spanish and never said that he owned a business or had an office, "no information provided prior to filing and service led me to believe defendant maintained an office." On the other hand, the record shows that plaintiff was actually aware of another possible address for defendant but made no attempt at service there. Instead, plaintiff immediately resorted to MVD service. It does not do to contest the validity of that address on appeal, when no attempt at service there was ever made. As a matter of law, *Luyet v. Ehrnfelt*, 118 Or App 635, 848 P2d 654 (1993), the attempted service was not adequate.

Plaintiff contends that it would be appropriate to remand this case for additional briefing and findings of fact in the light of the *Mitchem* decision on reconsideration. Why that would be appropriate is not made clear, but apparently plaintiff thinks that the fact that *Mitchem* was modified by this court while the summary judgment motion was pending in the trial court means that the trial court's consideration was in some way inadequate. That idea possibly arose because of the quotation on reconsideration from *Huffman v. Leon De Mendoza*, 135 Or App 680, 684, 899 P2d 734 (1995), *rev den* 322 Or 489 (1996), referring to Oregon Supreme Court suggestions of possible sources for locating a defendant. *Mitchem*, 143 Or App at 550. Neither *Mitchem* opinion made new law; the case merely interpreted and applied ORCP 7 in a specific situation. Remand would not be appropriate. The summary judgment record is complete and shows that what plaintiff did by way of attempted service was insufficient under ORCP 7.

We need not determine whether plaintiff's attempt to make service through MVD was properly completed.

Motions to strike appellant's brief denied; affirmed.