Argued and submitted October 8, 1998, affirmed July 7, petition for review denied
November 30, 1999 (329 Or 527)

## Joseph E. GISH, III,
*Appellant,*

*v.*

## Edward Lee YOUNGBLOOD, II,
*Respondent.*

## (97CV0854; CA A100936)

984 P2d 931

Nick Nylander argued the cause and filed the briefs for appellant.

Frederick H. Lundblade argued the cause for respondent. With him on the brief were Bernard S. Moore and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, P.C.

Before Landau, Presiding Judge,* and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

---

\* Landau, P. J., *vice* Riggs, P. J., resigned.

## WOLLHEIM, J.

Plaintiff appeals the trial court's judgment of dismissal of his personal injury claim on the ground that defendant had not been adequately or timely served. ORCP 7 (1995).[1] Plaintiff asserts that the trial court erred in concluding that the undisputed facts show that plaintiff's method of service was inadequate and contends that the service satisfied the ORCP 7 D(1) reasonable notice standard. We affirm.

On August 14, 1995, plaintiff and defendant were involved in a motor vehicle accident in Coos County, Oregon. Shortly before the statute of limitations expired, plaintiff filed a complaint against defendant seeking to recover damages from injuries he suffered due to the accident.

ORS 12.020(2) provides that, if proper service occurs within 60 days of the filing of the complaint, then the action is deemed to have been commenced on the date the complaint was filed. On August 25, 1997, plaintiff served defendant by leaving a copy of the summons and complaint with the Motor Vehicle Division (MVD), along with the required fee. The proof of service form indicates that the process server could not find defendant and received information that defendant had moved to Missouri. On August 28, plaintiff attempted follow-up service on defendant by certified mail, return receipt requested, to defendant's address at the time of the accident and to the last address MVD had for defendant. Both were returned as undeliverable with no forwarding address. Plaintiff, informed that defendant was insured at the time of the accident, mailed, by certified mail, a true copy of the summons and complaint to the registered agent of defendant's insurance company. Plaintiff alleged that defendant received actual notice of plaintiff's action as a result of mailing the summons and complaint to defendant's insurance company.

After plaintiff served MVD, he attempted service of the summons and complaint on defendant by personal service at defendant's two different addresses: the address given

---

[1] ORCP 7 was amended in 1997. In this opinion we will cite and quote from the 1995 version of ORCP 7, because attempted service in this case took place before the amendment took effect.

by defendant at the time of the accident and the address on file with MVD. Defendant was not present at either address. No one at either of those addresses could accept substituted service for defendant. In plaintiff's motion in opposition to summary judgment, plaintiff explained that the process server spoke with the former neighbors at both addresses, learned that defendant had moved from both addresses and had left no forwarding address, and that none of the neighbors knew defendant's current location.

■       ORCP 7 D sets forth both specific and general means by which service may be accomplished. If service is accomplished by any of the specified methods identified in ORCP 7 D, then service is presumed to be adequate. If service is not accomplished by one of those specific methods, then we examine whether the method of service was reasonably calculated under all the circumstances to apprise the defendant of the existence of the pendency of the action and to afford the defendant a reasonable opportunity to appear and defend. *Baker v. Foy,* 310 Or 221, 228-29, 797 P2d 349 (1990).

Defendant moved for summary judgment, alleging that plaintiff's attempted MVD service was inadequate and that plaintiff's service on defendant's insurance company was not reasonably calculated to apprise defendant of the pendency of the action. ORCP 7 D(1). The trial court agreed with defendant and granted the summary judgment motion.

On appeal, plaintiff reiterates his argument that his methods of service met the statutory requirements and were reasonably calculated to inform defendant of the action. Defendant does not dispute that attempted service by delivery to MVD occurred within the statutory time frame. He argues that plaintiff failed to demonstrate that he exhausted all reasonable means to locate defendant under ORCP 7 D(3) *before* attempting MVD service, and that plaintiff did not in fact know at the time of attempted MVD service that he could not serve defendant by any of the methods described in ORCP 7 D(3). Defendant also argues that the record does not demonstrate how service on his insurance company was reasonably calculated to inform defendant of plaintiff's action.

■       Summary judgment is appropriate "only when the agreed upon facts would compel a jury to return a verdict for

the moving party." *Jones v. General Motors Corp.*, 325 Or 404, 414, 939 P2d 608 (1997). Under the previous and current versions of ORCP 47 C, the moving party has the initial burden to establish that there is no genuine issue of material fact. *Id.* at 420. In the context of the adequacy of service of process, if the moving party meets its initial burden, it is incumbent on the nonmoving party to elucidate in the record probative or evidentiary facts that demonstrate that the nonmoving party has met the procedural requirements of service. *Kintigh v. Elliot,* 280 Or 265, 270, 570 P2d 659 (1977). We view the record in a manner most favorable to plaintiff, the nonmoving party. *Jones,* 325 Or at 413.

The record here established that plaintiff's first service of summons and complaint was on August 25, 1997, when plaintiff's process server left a copy of the summons and complaint with MVD. It was *after* the substituted service at MVD that plaintiff attempted service at defendant's address at the time of the accident and his last known address according to MVD.[2]

If the facts are undisputed, then whether service was adequate is a question of law. *Mitchem v. Rice,* 142 Or App 214, 217, 920 P2d 1121, *adhered to as modified* 143 Or App 546, 923 P2d 1347, *rev den* 324 Or 394 (1996). Based on this record, we conclude that plaintiff's attempted service was inadequate and untimely.

We recently clarified the requirements for service of summons and complaint by delivery to MVD. *Carlson v. Martin,* 160 Or App 350, 983 P2d 1031 (1999). We began by explaining that ORCP 7 D(4)(a)(i) provides that in an action arising out of an automobile accident, a plaintiff may serve the operator of the vehicle by delivery to MVD only if the defendant cannot be served by any method specified in ORCP 7 D(3). The plaintiff must also provide follow-up service through certified mail to the defendant's last known address and "any other address of the defendant* * * which might result in actual notice to the defendant." ORCP 7 D(4)(a)(i). ORCP 7 D(3)(a)(i) provides that there are three methods by which an individual may be served:

---

[2] In plaintiff's opening brief he states that service was initially attempted at defendant's dwelling house or usual place of abode. However, nothing in the record indicates that plaintiff attempted service on defendant prior to service on MVD.

> "[B]y personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's *dwelling house or usual place of abode, then by sub*stituted service or by office service upon such defendant [or agent]."

ORCP 7 D(7) explains that a "defendant cannot be served" under the methods specified in ORCP 7 D(3)(a)(i) if the plaintiff attempted unsuccessfully to serve defendant by those methods *"or if the plaintiff knew that service by such methods could not be accomplished."* (Emphasis added.)

> In *Carlson,* we clarified that a plaintiff need not exhaust every possible source of information about a defendant's whereabouts to satisfy ORCP 7 D(3) and D(4). 160 Or App at 363. Rather, we noted that

> "[t]he requirement, then, is that a plaintiff make a reasonable effort to attempt service in the methods specified or, alternatively, to determine whether those methods would be futile. The nature of that effort will depend on the particular circumstances. In this context, the particular circumstances include the fact that plaintiff and defendant are involved in litigation as a result of an automobile accident. * * * The fleeting and often stranger-to-stranger contact of an automobile accident is an important circumstance to consider in determining what kind of search for information a plaintiff reasonably must undertake." *Id.* at 360.

Additionally, we noted that it is not necessary "to launch some form of massive, statewide search attempting to find where, if at all, defendants might conduct business or be employed." *Id.* at 361. Rather, we held that whether a plaintiff should be required to contact public utilities and the like is measured by whether the circumstances dictate that such a search is reasonably necessary to determine that personal, substitute, or office service cannot be accomplished. *Id.* at 363.

> Our review of the record establishes that plaintiff made no effort to serve defendant before serving MVD. Nor does the record demonstrate how plaintiff knew that service

by a method other than MVD service could not be accomplished. Plaintiff did not demonstrate what reasonable methods he undertook to locate defendant before MVD service. On the record here, plaintiff's attempted service by delivery to MVD was ineffective.

■ Plaintiff next argues that, even if he did not complete service in accordance with ORCP 7 D(4)(a)(i), follow-up mail service to defendant's last known addresses and mail service to defendant's insurance company were reasonably calculated to apprise defendant of the pendency of the action pursuant to ORCP 7 D(1).

■ We disagree. In *Paschall v. Crisp*, 138 Or App 618, 625, 910 P2d 407, *rev den* 324 Or 176 (1996) we held that "mailing a copy of the summons and complaint to an address at which [plaintiff] knows defendant does not reside is [not] reasonably calculated to provide defendant notice of the pendency of the action." Nor is mailing a copy of the summons and complaint to defendant's insurer notice to defendant. *Hoyt v. Paulos*, 310 Or 196, 203, 796 P2d 355 (1990); *Campos v. Chisholm*, 110 Or App 158, 161, 821 P2d 1121 (1991).

We conclude that the summary judgment record establishes that defendant was entitled to judgment as a matter of law, because plaintiff failed adequately and timely to serve defendant in accordance with the requirements of ORCP 7.

Affirmed.