Argued and submitted September 21, 1999, affirmed February 9, 2000

Barbara BURTON,
*Appellant,*

*v.*

Claudia KRUEGER,
*Respondent.*

(9704-02562; CA A101860)

997 P2d 868

Thomas A. Bittner argued the cause for appellant. With him on the briefs was Schulte, Anderson, Downes, Aronson & Bittner.

Janet M. Schroer argued the cause for respondent. With her on the brief was Hoffman, Hart & Wanger.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

ORCP 7 requires that a plaintiff try to serve a defendant personally before attempting other forms of service.[1] In this case, the trial court ruled that the personal service that ORCP 7 requires is not limited to service at the defendant's home but applies wherever the defendant may reasonably be found. Because plaintiff had not met that requirement, the court granted defendant's summary judgment motion and entered judgment in defendant's favor. We affirm the trial court's ruling on different grounds.

Because this case arises on defendant's summary judgment motion, we state the facts in the light most favorable to plaintiff. *Olson v. F & D Publishing Co., Inc.*, 160 Or App 582, 584, 982 P2d 556 (1999). On April 1, 1995, plaintiff was injured in an automobile accident. Two years later, on April 1, 1997, she filed a complaint against defendant. After filing the complaint, plaintiff attempted to serve defendant within the 60-day time period permitted by ORS 12.020(2).[2]

On 16 separate occasions, plaintiff attempted both personal and substituted service on defendant at her home.[3] On one occasion, plaintiff's process server found defendant's 11-year-old daughter at home. The daughter confirmed that plaintiff had the correct address. Defendant's daughter also told the process server that defendant's husband was at home but that he was asleep. The process server did not ask either defendant's daughter or her neighbors where defendant worked. Plaintiff did attempt, however, to find out that information through the telephone directory, directory assistance, and the post office.[4] Beyond that, plaintiff made no efforts to serve plaintiff in accordance with ORCP 7 D(3).

---

[1] ORCP 7 was amended by the Council on Court Procedures in 1996. Because those amendments do not apply to this case, we apply the 1995 version of ORCP 7. All discussion of and citations to ORCP 7 refer to the 1995 version.

[2] Under ORS 12.020(2), if the summons is served within 60 days of the date on which the complaint was filed, then the action is deemed to have been commenced upon the date on which the complaint was filed for purposes of the statute of limitations.

[3] Almost all of plaintiff's attempts to serve defendant occurred on weekdays during typical work hours.

[4] Defendant introduced uncontradicted evidence that an investigator found her work address with minimal effort and expense by legally checking her credit report. We do not rely on that evidence to uphold the trial court's ruling.

In May 1997, plaintiff filed an *ex parte* motion for an order allowing service by other methods.[5] The trial court allowed plaintiff's motion, and on May 23, 1997, plaintiff mailed copies of the summons and complaint both by certified mail and by regular mail to defendant's address. Because plaintiff knew that the statute of limitations was about to run, plaintiff also served defendant by delivering a copy of the summons to the Motor Vehicles Division (MVD) on May 28, 1997. On that date, plaintiff mailed additional copies of the summons and complaint to defendant by certified and regular mail.[6]

Defendant appeared and moved for summary judgment on the ground that plaintiff had failed to serve her within the time permitted by ORS 12.020(2). Specifically, defendant argued that plaintiff was not entitled to use MVD service because she had not exhausted the other methods provided by ORCP 7 D(3). Defendant reasoned that plaintiff had attempted neither office service nor personal service at defendant's office. The trial court granted defendant's motion. It reasoned:

> "A plaintiff may use substituted service or office service if the defendant cannot be found at his or her dwelling or usual place of abode. ORCP 7D(3)(a)(i). But before the plaintiff may avail herself of either substituted service or office service, it must first be shown that the defendant could not be served personally, not only at his or her dwelling or usual place of abode, but anywhere. This is plain under Rule 7D(3)(a)(i), as informed by Rule 7D(2)(a)-(c)."

The trial court concluded that neither substituted nor office service was an option in this case. It reasoned, however, that although plaintiff had made reasonable attempts to serve defendant at her dwelling or usual place of abode, she had not made sufficient efforts to find and serve defendant personally elsewhere. Accordingly, the court ruled that plaintiff could not rely on MVD service pursuant to ORCP 7 D(4)(a)(i) or 7 D(6)(a).

---

[5] The affidavit in support of the motion recited only that plaintiff had unsuccessfully attempted to serve defendant at home.

[6] Defendant does not dispute that she received a summons and complaint by regular mail sometime after May 30, 1997.

ORCP 7 D specifies the methods by which a summons may be served. ORCP 7 D(3) provides that generally service on an individual may be accomplished by

"personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons."

ORCP 7 D(4)(a)(i) states a rule for actions arising out of motor vehicle accidents. It provides that if the defendant in such an action "cannot be served with summons by any method specified in subsection D(3) of this rule," then the plaintiff may serve the defendant by leaving a copy of the summons with MVD and by mailing a copy of the summons and complaint to the defendant. Finally, ORCP 7 D(7) defines the phrase "cannot be served." Under ORCP 7 D(4)(a)(i), a defendant "cannot be served" if the plaintiff either unsuccessfully attempted to use all three methods of service set out in ORCP 7 D(3) or "if the plaintiff knew that service by such methods could not be accomplished." *See Mitchem v. Rice*, 143 Or App 546, 548, 923 P2d 1347, *rev den* 324 Or 394 (1996).

On appeal, the parties' arguments center on whether plaintiff exhausted the methods of service set out in subsection D(3) before resorting to MVD service.[7] Plaintiff starts from the proposition that, as the trial court recognized, "substituted service and office service were not options available to [her]." It erred, she reasons, in concluding that she was required to attempt personal service anywhere other than defendant's dwelling place or usual place of abode. Defendant responds, in part, that we need not decide whether the trial court's rationale was correct. Rather, she contends that

---

[7] Plaintiff does not argue that we should reverse either because the trial court's May 1997 order authorized her to serve defendant by mail, *see* ORCP 7 D(6), or because service by mail was, in any event, "reasonably calculated to apprise the defendant of the existence and pendency of the action," *see Mitchem v. Rice*, 142 Or App 214, 217, 920 P2d 1121, *rev den* 324 Or 394, *mod and adhered to as mod* 143 Or App 546, 923 P2d 1347 (1996). Rather, plaintiff argues only that she met the prerequisites for MVD service.

plaintiff neither attempted office service nor knew that it was unavailable. Because plaintiff failed to exhaust all the methods of service set out in ORCP 7 D(3), defendant claims that plaintiff may not resort to MVD service.

We begin with defendant's argument. We explained in *Carlson v. Martin*, 160 Or App 350, 359, 983 P2d 1031, *rev den* 329 Or 287 (1999), that "in referring to whether a plaintiff 'knows' that a particular service method cannot be accomplished, the inquiry focuses not on just actual knowledge but also on constructive knowledge—*i.e.*, what a plaintiff reasonably should know." A plaintiff need not "launch some form of massive, statewide search attempting to find where, if at all, defendants might conduct business or be employed." *Id.* at 361. Rather, a "reasonable effort to obtain information from logical sources" is all that is required. *Id.* at 363. There is no set list of "logical sources"; rather, what is reasonable will vary depending on the facts in each case. *Id.* Indeed, with changing technology, such as the Internet, it would be difficult to set out a definitive list of sources that would necessarily control future service efforts.

Because plaintiff did not attempt office service in this case, the issue reduces to the question whether she knew or reasonably should have known that office service could not have been accomplished.[8] Plaintiff's attorney stated in his affidavit in opposition to defendant's motion for summary judgment that he "had no employment information as to the defendant available to [him], nor had [he] been able to obtain any such information through the telephone book, including directory assistance or through the Post Office." The three sources plaintiff checked were not particularly likely to reveal where defendant worked. *See Carlson*, 160 Or App at 363. Rather, those sources "may be useful sources to contact

---

[8] Office service may be accomplished "[i]f the person to be served maintains an office for the conduct of business[.]" ORCP 7 D(2)(c). At oral argument, the parties debated, with the benefit of hindsight, whether defendant in fact maintained an office within the meaning of ORCP 7 D(2)(c). That debate misses the mark. The question under the rule is whether the plaintiff made a reasonable effort to obtain information from logical sources before deciding not to attempt office service, not whether the effort would have proved successful if it had been made. *See Gish v. Youngblood*, 161 Or App 591, 596-97, 984 P2d 931, *rev den* 329 Or 527 (1999) (a plaintiff who neither tried nor reasonably knew that other methods of service were not available could not use MVD service).

when an accident involves a vehicle used by a business entity," but they "are less likely to be able to provide information relevant to office service * * * if the accident involved personal use vehicles." *Id.*

Not only were the sources that plaintiff or her process server checked unlikely to reveal relevant information, but plaintiff failed to pursue available sources that were far more likely to advance her inquiry. Plaintiff did not ask defendant's daughter where her mother worked, nor did she ask the neighbors that question. We recognized in *Mitchem* that neighbors and relatives are possible sources of information. 143 Or App at 550; *accord Huffman v. Leon De Mendoza*, 135 Or App 680, 684, 899 P2d 734 (1995), *rev den* 322 Or 489 (1996). To be sure, the sources that we listed in *Mitchem* were "illustrative, * * * not exclusive or mandatory." *Carlson*, 160 Or App at 363. But, in this case, the neighbors and defendant's daughter were obvious sources whom plaintiff could at least have asked about defendant's employment. The questions may not have produced results, but that possibility does not excuse the failure to ask.

This is not a case like *Carlson* in which the plaintiff "knew that [the] defendants did not work in Sixes and had not been seen in that small community for some time," even though the defendants had listed that address on the accident report. 160 Or App at 352. In that case, no logical source of information was reasonably available. In this case, plaintiff knew where defendant lived. She also knew that defendant was usually not at home during the day, which suggested that defendant was employed. *See* n 3 above. Yet, plaintiff did not pursue other available sources to determine whether office service was possible. Given this record, we cannot say that "plaintiff reasonably * * * determined that office service [could not] be accomplished."[9] *See Carlson*, 160 Or App at 363.

Affirmed.

---

[9] Because we resolve the case on this ground, we do not reach, and express no opinion on, the question whether plaintiff's efforts at personal service were sufficient.